STATE OF MISSOURI ex rel. W. T. GAY, Relator,
v. THOMAS D. JONES, Respondent.

St. Louis Court of Appeals, June 6, 1911.

1. **OFFICERS: County Treasurers: Examination of Books by County Judge: Enforcement of Right by Mandamus.** Under section 3768, Revised Statutes 1909, a judge of the county court has the absolute right to inspect and examine the books and papers of the county treasurer through the agency of expert accountants, and this right will be enforced by mandamus; following State ex rel. Gay v. Reyburn, *post*.

2. **APPELLATE PRACTICE: Finding by Commissioner of Appellate Court: Conclusiveness.** The appellate court will defer to the judgment of a commissioner appointed by it to take testimony on a disputed issue of fact and will adopt his conclusion of fact on conflicting testimony.

Original Proceedings by Mandamus.

PEREMPTORY WRIT AWARDED.

*James A. Finch* for relator.

*J. A. Green* for respondent.

NORTONI, J.—This is a proceeding in mandamus. The alternative writ issued from this court on the prayer of relator, who is a judge of the county court of Iron county, against the respondent, who is the treasurer of the same county.

It is averred in the alternative writ that relator sought to inspect and examine the books of respondent, treasurer of the county, in accordance with the statute, and had chosen two expert accountants to represent him in so doing, but the respondent denied him the right to so do. The respondent's return put this matter in issue and averred that relator had never made a demand nor requested permission to inspect or examine the books of his office and therefore his right

to do so had not been denied. To this, a general denial was filed and upon the issue so made appearing, the court appointed Phillip W. Haberman, Esq., a member of the St. Louis bar, to hear the testimony and report his finding and conclusion of fact with respect to the matter. After qualifying, etc., Mr. Haberman, the commissioner, heard the evidence and made his report together with his finding and conclusion of fact thereon. The issue related alone to the matter of a demand on the part of relator and a denial of his right by respondent. After having reviewed the testimony fully, the commissioner reported his conclusion thereon as follows:

"Your commissioner reports as his conclusion that the greater weight of the evidence shows demand to have been made by the relator for an inspection of the books, records, papers and documents pertaining to the office of the county treasurer on March 14, 1911; that relator was not denied the right so in person, but was by the respondent denied the right so to do by and through the agents designated by him for such purpose."

As the commissioner saw and heard the witnesses, we adopt his conclusion of fact on the evidence and will dispose of the case as if demand were made and the right of inspection by accountants refused.

The statute enjoins among others the following duties upon the respondent, county treasurer: "He shall make duplicate receipts in favor of the proper persons, for all moneys paid into the treasury, and keep the books, papers and moneys pertaining to his office at all times ready for the inspection of the court or any judge thereof." [Sec. 3768, R. S. 1909.] The court or judge thereof referred to is the county court of which relator is a judge. The same arguments are put forward here as those considered in the case of State ex rel. Gay v. Reyburn, involving a mandamus proceeding against the county clerk of the same coun-

ty and decided today. See 158 Mo. App. 172, 138 S. W. 79.

Having read all of the testimony in the case, we find the commissioner's conclusion of fact to be amply supported by the evidence. It is true that a sharp conflict appears in the evidence upon the question as to whether or not relator requested and respondent denied the right to inspect or examine the books and papers pertaining to the office of county treasurer. Witnesses testified both ways on the subject but as the commissioner saw the witnesses on the stand and had an opportunity to observe their conduct and demeanor and seems to us to have considered all of the surrounding circumstances in proof as well, we will defer to his judgment in the matter and adopt his conclusion of fact, to the effect that respondent denied the right of relator to inspect and examine the books and papers by and through the agency of expert accountants which he might choose for that purpose. This being true, the peremptory writ of mandamus should be ordered for the reason given in State ex rel. Gay v. Reyburn, as the propositions of law advanced in this case are the same as in that. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.