## In re ELLROY V. SELLECK.

**St. Louis Court of Appeals, December 3, 1912.,**

1. **APPELLATE PRACTICE: Finding by Commissioner of Appellate Court: Conclusiveness.** The appellate court will defer to the finding of facts of a special commissioner appointed by it, where the evidence is conflicting and the witnesses appeared and testified before the commissioner.

2. **ATTORNEYS: Disbarment: Misconduct of Attorney: Commissioners' Findings Approved.** In a proceeding to disbar an attorney, special commissioners appointed by the appellate court found from the evidence that respondent had entered into a conspiracy to effect a pretended sale of a stock of goods so as to defraud the creditors of the pretended vendor, that said fraudulent scheme was carried out, and that, in litigation arising out of it, respondent gave perjured testimony and suborned one of the conspirators to give perjured testmony; and further found that respondent, either by impersonating a deceased client, or otherwise, unlawfully obtained access to decedent's safety deposit box, and unlawfully took therefrom certain notes and deeds of trust belonging to decedent and converted them to his own use, with the intent of depriving the true owners of their property, and that respondent falsely pretended that decedent had entered into a written contract with him, whereby said notes and deed of trust were transferred to him, and falsely pretended that such contract was stolen from his desk, whereas in fact no such contract was ever executed. *Held,* that said findings are supported by the evidence; *held, further,* that, under said findings, the conclusion of law found by the commissioners, that respondent is not a fit or proper person to practice law in this State, is correct, and hence it is *held* that his license to practice law in this State should be revoked.

Original Proceeding to Disbar Attorney.

JUDGMENT OF DISBARMENT.

*McDonald & Taylor, Thomas B. Harvey* and *Walter H. Saunders* for informant.

*John A. Talty* and *Thomas J. Rowe* for respondent.

NORTONI, J.—This is an original proceeding for disbarment of the respondent, Ellroy V. Selleck, Esq.,

instituted in this court at the instance of the St. Louis Bar Association, acting through its committee on grievances. Upon the respondent's appearing at the bar in person and by counsel, after notice and citation were duly served upon him, the court appointed Charles W. Bates, Esq., and George E. Smith, Esq., members of the St. Louis bar in good standing, as special commissioners to sit together, hear the testimony and make report of their findings of fact and conclusions of law thereon with respect to the several charges preferred. The commissioners were duly sworn and qualified to act in that behalf and in due time proceeded upon the discharge of the duties as such.

It appears that all parties interested appeared before the special commissioners in person and by counsel and introduced volumes of evidence, both oral and documentary. The special commissioners sat eighteen days hearing testimony, and there were examined before them in all eighty-five witnesses. The record accompanying their report to this court consists of four volumes containing in all 1843 pages, besides an additonal volume of documentary evidence alone in the form of exhibits introduced at the hearing. Together with this voluminous record, the special commissioners filed here the following report, setting forth their findings of fact and conclusions of law:

"State of Missouri, ⎰
City of St. Louis.  ⎱ ss.

IN THE
ST. LOUIS COURT OF APPEALS
MARCH TERM, 1912.

In the Matter of ⎰
Ellroy V. Selleck ⎱ No. 13209.

SPECIAL COMMISSIONERS' REPORT.

"George E. Smith and Charles W. Bates, special commissioners appointed by this Honorable Court on

November 20, 1911, to jointly take the testimony offered by the parties, relator and respondent, and to report the same, together with findings of fact and conclusions of law, as more fully appears by the copy of the order of appointment hereto attached and made a part hereof, after duly taking the oath of office on said day, which oath is hereto attached and made a part hereof, did by consent of parties, Messrs. Thomas B. Harvey and Walter H. Saunders appearing for relators, and Mr. John A. Talty appearing for respondent Selleck, after due notice and by consent of parties, begin the hearing of said cause on the 27th day of December, 1911, and continued to hear the same from time to time and from adjournment to adjournment as by consent of all parties until the 5th day of July, 1912, when both parties concluded the testimony desired to be heard by them respectively.

"That your commissioners held sixteen (16) sessions of entire days and two (2) sessions of half days and heard the testimony of eighty-five (85) witnesses.

"Your commissioners further report that they file herewith and make a part hereof transcript of the proceedings had before them, the testimony appearing in eighteen hundred and forty-three (1843) pages, and the written documents in evidence as exhibits appearing in a large separate volume.

"After hearing counsel, Messrs. Harvey and Saunders on behalf of relators, and Mr. Talty on behalf of respondent, your commissioners report as follows:

"The charges against respondent Ellroy V. Selleck are presented by the Bar Association of the city of St. Louis, seeking the disbarment of said Selleck. These charges are five in number, as appears from the charges filed in this court on the 30th day of September, 1911.

## "CHARGE FIRST.

"Your commissioners find the issues in favor of respondent, Ellroy V. Selleck, upon this charge.

## "CHARGE SECOND.

"Your commissioners find the issues in favor of respondent, Ellroy V. Selleck, upon this charge.

## "CHARGE THIRD.

"Your commissioners find the issues in favor of respondent, Ellroy V. Selleck, on this charge.

## "CHARGE FOURTH.

"Your commissioners find the issues against Ellroy V. Selleck on this charge and find him guilty as charged.

"Further, upon this charge your commissioners find that said Ellroy V. Selleck was in the year 1906 duly admitted to practice law and licensed to practice law in the courts of the State of Missouri, by the Supreme Court of Missouri, and from that time continuously up to the present time he has been engaged in the practice of law as an attorney and counsellor. That in the months of November and December, 1908, one Charles Mathew Kotzaurek was conducting two hat stores in the city of St. Louis, one at 603 Pine street and one at 907 Pine street, and that the said Kotzaurek was indebted to various persons for rent of the said stores and for hats purchased and contracted for; that in his employ at that time was one Bertha Henkel; that at that time and prior thereto the said Ellroy V. Selleck was and had been the attorney and counsel for said Bertha Henkel; that sometime in the month of November or December, 1908, said Bertha Henkel introduced the said Kotzaurek to her attorney, the said Ellroy V. Selleck; that under the advice and direction

of said Selleck, he conspiring with the said Kotzaurek and the said Henkel, a scheme was devised by said Selleck for this purpose, and said Kotzaurek and said Henkel directed by the said Selleck in his capacity as their counsellor and attorney, to execute falsely bills of sale and promissory notes and to authorize the said Selleck to execute certain checks to apparently consummate a sale of the stock of hats by said Kotzaurek to said Henkel; that said papers were executed and delivered, although in truth and in fact no such transaction took place as purported to be set forth by said papers; that litigation ensued, involving those transactions, and as a part of the conspiracy and plan devised by said Selleck to carry out said fraudulent scheme, he, the said Selleck, directed and instructed the said Henkel to give false and perjured testimony, in pursuance of which plan and scheme said Henkel did knowingly, wilfully and intentionally, in the trial of said litigation, give false and perjured testimony under the direction and at the suggestion of said Selleck, and the said Selleck, in said litigation, did knowingly, wilfully and intentionally give false and perjured testimony.

## "CHARGE FIFTH.

"Your commissioners find against the respondent, Ellroy V. Selleck, on this charge and find that the allegations in said charge are true.

"Further, your commissioners find that said Selleck, being a licensed attorney as heretofore stated and practicing his profession in the city of St. Louis, was for some months prior to July 20, 1910, employed by one John Link as attorney and legal adviser; that said John Link died on the 20th day of July, 1910, and that letters testamentary were issued by the Probate Court of the city of St. Louis to his widow, Minna Link, on July 23, 1910. That during his lifetime the

said John Link was the owner, among other things, of the following notes, secured by deeds of trust, to-wit: One principal promissory note, dated April 1, 1906, executed by one John Schmittel, for the sum of $3500, which note, prior to the times hereinafter referred to, had been reduced by payments to $2750; said note was payable to B. C. Stephens of Clayton, Missouri, three years after its date and by him indorsed without recourse. Said note had been purchased by said John Link and time had been extended on said note and new interest notes for $150 each, given therefor. Said notes were secured by deed of trust on Lot No. 2 of Human Place, being a subdivision of the west half of the west half of the northwest quarter of section eight (8), township forty-five (45) north, range six (6) east, in St. Louis county, Missouri. Also a principal promissory note for $4500, executed by one Ellen A. Manion, dated April 1, 1910, payable three years after date, to August J. Kuhs, Jr., and by him indorsed; also six (6) interest notes accompanying the same, each for the sum of $123.75, all secured by deed of trust on Lot Eighty-two (82) of Tower Grove Heights Amended Subdivision in Block 4114 of the city of St. Louis, Missouri; that after the death of John Link, said Ellroy V. Selleck was employed by Mrs. Minna Link as her attorney to represent her and the estate of John Link, upon which she was administering; that shortly after the death of John Link and before letters testamentary were issued on John Link's estate, the said Ellroy v. Selleck, either by impersonating John Link or otherwise, unlawfully obtained access to the safety deposit box of the said John Link in the Mercantile Trust Company, where the said Link kept his papers, among others the said notes and deeds of trust; that the said Ellroy v. Selleck obtained possession of said notes and deeds of trust and unlawfully, wilfully and knowingly, with the intention of depriving the true owners thereof of their property, converted the same to his own use;

that he has refused to account for same or their value to the said estate of John Link, deceased, or to the executrix of said estate or to the attorneys employed by the executrix after she discharged from employment the said Selleck; that the said Selleck falsely pretended that John Link in his lifetime had entered into a written contract with him as attorney for said John Link and one McGregor, whereby the said Schmittel notes and deed of trust were transferred to said Selleck, and falsely pretended that said contract was stolen from his (the said Selleck's) desk, whereas your commissioners find the fact to be that no such contract was ever executed, nor was any such contract ever stolen from said Selleck's desk or otherwise.

"Your commissioners find as a matter of law, upon the facts so found as above, that said Ellroy V. Selleck is not a fit or proper person to practice law in the State of Missouri and that his license so to practice should be revoked.

"Respectfully submitted,

CHARLES W. BATES,

GEORGE E. SMITH,

Special Commissioners."

From the report of the special commissioners above copied, it appears that the finding was for respondent on the first, second and third charges laid against him, but against him on the fourth and fifth charges therein set forth and described. To this report the respondent filed exceptions, and those exceptions have been extensively argued by counsel at the bar and the case duly submitted for determination. The two sitting members of the court have devoted more than a week's time to reading and comparing the mass of testimony and numerous documents contained in the record, and considering the arguments in support of the respondent's exceptions. Having given

the case most thoughtful and careful consideration, upon reviewing all of the evidence, we incline to the view expressed in the special commissioners' report above set forth. It is true that there is considerable testimony in the record tending to prove the inocence of defendant on both of the charges which the special commissioners found against him, but upon comparing this testimony with that of other witnesses and irrefutable dates and documents introduced and the revelations made in some of the cross-examinations, we are fully persuaded that the special commissioners ascertained the truth with respect to the whole matter. Furthermore, when the evidence is conflicting, as it is here, it is proper for the court to defer to the finding of the special commissioners who have the witnesses before them face to face and are thus afforded an opportunity through observing their demeanor on the stand to form a more accurate conclusion touching the matter of credibility and as to what testimony is and what is not true than is the reviewing court which sees only the cold record in print. [See State of Missouri ex rel. Gay v. Jones, 158 Mo. App. 170, 138 S. W. 81.]

The evidence abundantly supports the findings of fact above set forth in the report of the special commissioners, and if the facts are properly found, as they appear to be, no one can doubt the soundness of the conclusions of law announced by the special commissioners thereon in their report. In this view, the respondent's exceptions filed to the report should be overruled and the report of the special commissioners adopted *in toto*. It is so ordered.

It is, therefore, the judgment of the court that the respondent, Ellroy V. Selleck, Esq., who, as appears from the records of this court, is an enrolled member of its bar, be and he is hereby debarred from the further practice of the profession of an attorney and counselor at law under the laws of this State in any of

the courts thereof and especially from the bar of this court; that his license to practice law and as a member of the bar of this State be and the same is hereby cancelled and annulled and to be henceforth held as naught. Furthermore, that the relators have and recover the cost of this proceeding, to be taxed by the clerk according to law, of and from the respondent, Ellroy V. Selleck, and that execution issue. It is so ordered and adjudged. *Caulfield, J.,* concurs. *Reynolds, P. J.,* not sitting.