STATE OF MISSOURI ex rel. W. T. GAY, Relator, v. JOSEPH A. REYBURN, Respondent.

St. Louis Court of Appeals, June 6, 1911.

1. OFFICERS: County Clerks: Right of County Judge to Inspect Records: Statutory Construction. Section 3780, Revised Statutes 1909, conferring upon judges of the county court the right to inspect the public records in the office of the county clerk is remedial in character and makes for a high public benefit, and hence should be liberally construed.

State ex rel. v. Reyburn.

2. **STATUTES: Statutory Construction: Statutes for Public Benefit.** Statutes made *pro bono publico* should be construed in such a manner that they may, as far as possible, attain the end proposed, and courts, in construing them, always look to the spirit as well as the letter, and sometimes extend words of authority even beyond the letter, to the end of effectuating the intention of the lawmakers and preventing the mischief sought to be restrained.

3. **CORPORATIONS: Stockholders: Right to Inspect Books: Nature and Extent of Right.** One who enjoys the right to inspect the books and papers of a private corporation may exercise it through expert accountants, stenographers, etc., and may make copies of the books in the company's offices in a proper manner and during proper hours.

4. ———: ———: ———: ———: **Mandamus: When Absolute Right and When Discretionary.** Where a stockholder seeks to inspect the books and papers of a private corporation, mandamus is sometimes denied, in the discretion of the court, where it appears that the relator is not proceeding in good faith or desires the information to employ it against the interests of the company; but this rule does not obtain where a statute gives a stockholder the right to examine the books, for then mandamus goes as a matter of right.

5. **OFFICERS: County Clerks: Right of County Judge to Inspect Records: Right to Delegate Duty.** The matter of inspecting the books and papers of a county clerk's office is in no respect judicial in its character, but is purely ministerial; and the law does not devolve it as a personal duty upon a judge of the county court which he may not delegate to another who is competent to perform the task.

6. ———: ———: ———: ———: **Enforcing Right: Mandamus.** Where the legislature has prescribed a right to be exercised by a public officer, such as inspecting the books and papers of another officer, and has annexed to his office, under his official oath, a duty thereabout, the courts are without discretion in the matter of issuing mandamus to enforce the right, if the duty be a ministerial one and within the purview of mandamus.

7. ———: ———: ———: ———: ———: **Mandamus.** Under section 3780, Revised Statutes 1909, a judge of the county court has the absolute right to inspect and examine the clerk's books, records and accounts, either by himself or through the aid of expert accountants, which right, if denied, is enforcible by mandamus, without reference to the purpose for which an inspection is desired.

8. ———: ———: ———: ———: ———: **Mandamus.** Section 3780, Revised Statutes 1909, having specifically prescribed the

right of inspection of books and papers of a county clerk, and annexed such right to' the office of county judge and annexed the duty to permit such inspection to the office of county clerk, it is conclusively presumed on application for mandamus by a county judge to enforce such right, that it will not be abused, and the writ should go as a matter of course.

Original Proceedings by Mandamus.

PEREMPTORY WRIT AWARDED.

*James A. Finch* for relator.

*J. A. Green* for respondent.

NORTONI, J.—This is a proceeding in mandamus. The alternative writ issued from this court and upon return thereto being made, the court appointed Phillip W. Haberman, Esq., a member of the St. Louis bar, to hear the testimony and report his conclusion thereon, for there appeared to be an issue of fact between the parties.

The relator is one of the judges of the county court of Iron county and respondent is the clerk of that court. It appears the relator desired to inspect and ascertain the condition of the books and records and the state of the accounts of respondent, county clerk, and to this end engaged two expert accountants. It is averred in the alternative writ that respondent refused relator the privilege of so inspecting and examining the records, books, papers and accounts of his office. That the right of relator to so do was denied was put at issue in the respondent's return to the alternative writ, and the commissioner was appointed to hear the testimony and ascertain the truth with respect to that fact. Upon a hearing of the testimony, it appears the respondent admitted that relator demanded the right to inspect and examine the records, books and papers and vouchers of the office, and says that he denied it only in so far as it involved the aid

of expert accountants. Section 3780, Revised Statutes 1909 requires the clerk of the county court to keep certain records, books of account, vouchers, papers, etc., with respect to moneys paid into his office and to file and preserve in his office accounts, vouchers and other papers pertaining to the settlement of accounts, etc. It is further provided therein that it shall be the duty of the clerk to keep an abstract thereof and present the same to the county court at any regular term, and balance and exhibit the accounts kept by him as often as the court may require it, and furthermore to keep his books and papers at all times ready for the "inspection" of the court "or any judge thereof." It is this right of relator, a judge of the county court, to inspect the books and accounts of the office of the clerk of that court that is said to have been denied. It is insisted that respondent did not deny the right of inspection to the relator, but only to the expert accountants.

It appears the relator, who is a man far advanced in years and decrepit, and unlearned with respect to the matter of book accounts and public records, chose two expert accountants to inspect and examine the books, accounts, papers and vouchers of the office, for him. It is argued that though the statute confers the right upon the relator as a judge of the county court to inspect the books, accounts, vouchers and papers pertaining to the office, the word "inspection" relates alone to a personal view thereof by him and is not sufficiently comprehensive to permit a searching examination by others in his behalf. The argument advanced is unsound, indeed, for the statute is remedial in character and makes for a high public benefit. No one can doubt the salutary purpose of the Legislature in thus conferring upon any judge of the county court the right to inspect the public records in the office of its clerk. The rule of liberal construction and broad interpretation attend such statutes always, and it is

said that statutes made *pro bono publico* should be construed in such manner that they may, as far as possible, attain the end proposed. [Dwarris on Statutes, 234.] In thus construing or interpreting remedial statutes of this character, the courts always look to the spirit, as well as the letter, and sometimes extend words of authority even beyond the letter, to the end of effectuating the intention of the lawmakers and preventing the mischief sought to be restrained, and, indeed, such is said to be the duty of the court. [Shumate v. Williams, 34 Ga. 245, 251; Sutherland on Stat. Const. (2 Ed.), 583.] It is obvious the statute contemplates a county judge shall exercise the right to do more than make a mere view of the books and papers of the office, for an inspection of that character would amount to naught so far as the public weal is concerned. It is undoubted that the Legislature intended a county judge should exercise the right, if he chose, of making a thorough search and an exhaustive examination by himself or through others who are competent to do so. That one who enjoys the right to inspect the books and papers of a private corporation may exercise this right through expert accountants, stenographers, etc., and make copies of the books, if deemed necessary, in the company's office, in a proper manner and during proper hours, is well settled. [State ex rel. Johnson v. St. Louis Transit Co., 124 Mo. App. 111, 100 S. W. 1126.] As a rule, the right to thoroughly investigate, search out the truth and take copies if desired is always treated as incidental to the right to inspect records, and *a fortiori* should this be true where the statute confers such a right on a public officer with respect to the books and accounts of another public official in the interest of the public at large. [See People ex rel. Spire v. General Committee, 25 N. Y. App. Div. 339; s. c., 49 N. Y. Supp. 723; Fidelity, etc., Co. v. Seattle, 16 Wash. 445; 19 Am. and Eng. Ency. Law (2 Ed.), 817.] The matter of in-

specting the books and papers of the clerk's office is purely ministerial and in no respect judicial in its character. It is therefore entirely clear that the law does not devolve it as a personal duty upon a judge of the county court which he may not delegate to another who is competent to perform such a task, especially when it appears the judge himself is from any cause unable or incapacitated to effectually discharge it. But that matter is unimportant, for the judge might cause the investigation to be made by expert accountants or others of his choosing though he were entirely competent himself. The principle announced in State ex rel. Johnson v. Transit Co., 124 Mo. App. 111, 100 S. W. 1126, is equally relevant here.

Respondent sought to show that relator desired to inspect and examine into the affairs of his office for purely an ulterior purpose with a motive which did not subserve the public interest, and it is argued such proof should have been received for the reason the writ of mandamus is a discretionary one. It is said that if it appears the relator desired the information for some purpose other than that pertaining to his office, then the court, in its discretion, should deny the writ. The argument would inhere with much force if the proceeding were one with respect to a private right only, as where a stockholder seeks to investigate the books and files of a private corporation in which he is interested. In such cases the writ is sometimes denied, in the discretion of the court, if it appears the relator is not proceeding in good faith or desires the information in order to employ it against the interests of the company. [See State ex rel. Johnson v. St. Louis Transit Co., 124 Mo. App. 111, 100 S. W. 1126; State ex rel. Watkins v. Donnell Mfg. Co., 129 Mo. App. 206, 107 S. W. 1112; 2 Cook on Private Corporations (6 Ed.), sec. 515.] But this rule does not obtain even with respect to private rights where the statute gives the stockholder the right to examine the corpo-

ration books, for then mandamus goes to effectuate it as a matter of right. [2 Cook on Corporations (6 Ed.), sec. 514; Coquard v. National, etc., Co., 171 Ill. 480; Cobb v. Lagarde (Ala.), 30 South Rep. 326.] *A fortiori,* should the rule obtain with respect to public officers, whom the law has clothed with definite and certain duties and prescribed their rights touching the same. Indeed, when the legislative authority has solemnly prescribed a right to be exercised by a public officer, such as inspecting the books and papers of another public official, and annexed to his office, under an official oath, a duty thereabout, if he undertakes it, the courts are without discretion in the matter, if the duty be a ministerial one and within the purview of the right of mandamus. Especially is this true when it is remembered the law annexes the privilege to inspect to the office of the county judge and the duty to permit the exercise of the right to the office of clerk. The discretion which attends the application for the writ where but a private right is involved is entirely superseded in such circumstances by its high prerogative character, for it is said in matter *publici juris* there is no discretion. [State ex rel. Ins. Co. v. Doyle, 40 Wis. 220; New Haven, etc., Co. v. State, 44 Conn. 376, 390, 391; State v. Lehre, 7 Rich. L. Rep. 234, 270, 271; 19 Am. and Eng. Ency. Law (2 Ed.), 751, 752, 753, 754.] The Legislature having specially prescribed the right of inspection and annexed it to the office of county judge and annexed the duty to permit it to the office of clerk, it is conclusively presumed, on an application for mandamus, that it will not be abused, and the writ should go as a matter of course; for the matter of providing safeguards touching the exercise of such right is one exclusively with the lawmakers.

The peremptory writ should be awarded. It is so ordered.

*Reynolds, P. J.,* and *Caulfield, J.,* concur.