STATE ex rel. J. G. L. HARVEY, Relator, v. H. C. GILBERT, Presiding Judge of the County Court of Jackson County, Respondent.

**Kansas City Court of Appeals, May 13, 1912.**

1. **MANDAMUS: County Counselor: Salary.** Where the county court refuses to issue its warrant to the duly appointed county counselor for his salary, his remedy is by mandamus, and not by action at law to recover his salary.

2. —————: —————. The right to the salary which the statute prescribes shall be paid to a public officer exists as a creature of law and as an incident to the office, and that salary is to be paid him whether or not he neglects his official duties, or performs services for which it is no fair compensation.

3. **COUNTY COURTS: County Counselor: Salary.** A county court is bound to issue to a duly appointed county counselor a warrant for each month for the amount of his salary then due, whether there is any money in the treasury or not.

4. —————: County Clerk. The county court cannot avoid the discharge of its duty to issue its warrant to the county counselor for his salary each month on the ground that the clerk of the court did not present the warrant for signature.

Original Proceeding.  Mandamus.

PEREMPTORY WRIT ISSUED.

*Reed, Yates, Mastin & Harvey* for relator.

*E. C. Wright* for respondent.

BROADDUS, P. J.—This is an action by mandamus to compel the presiding judge of the county court of Jackson county to sign two warrants for a part of the relator's salary as the county's counselor.

The application sets out that the relator J. G. L. Harvey was on the 1st day of the regular January term of the county court of Jackson county, for the year 1911, duly and legally appointed county counselor, by the county court of the county; that he qualified as such, and assumed the office, and has ever since said date held, used and exercised said office; that by virtue of the statutes regulating the salary of the office of counselor of said county, he is entitled to be paid the sum of three thousand dollars, in monthly installments of $250 each; that he has not been paid his salary for the months of October and December, 1911, and for January, February and March, 1912; and that on April 6, 1912, during the regular term of the county court of the county, an order relating to the salary of the petitioner was entered by the court to the effect, finding the sum of $500 was due to the petitioner, Harvey, from the county, payable out of the salary fund provided for the purpose for the year 1911, and for which the clerk of the court was ordered to issue a warrant; and a further finding that the sum of $750 was due said Harvey from the county, payable out of the salary fund for the year 1912, and for which the clerk was ordered to issue a warrant.

The petition further alleges that the respondent H. C. Gilbert, the presiding judge of the county court, has refused and still refuses to sign the warrants so ordered to be issued, although demand has been made upon him to sign the same.

An alternative writ was issued requiring that the said Gilbert sign the said warrants, or that he appear and show cause why he refuses so to do. The respondent has made return to the writ in which he admits that he is the duly elected and qualified presiding

judge of said county court; admits that relator has not been paid any salary for the months of October and December, 1911, or for the months of January, February and March, 1912, and admits that the order as alleged by relator was entered by the county court. He denies that he has refused and refuses to sign the warrants so ordered to be issued, but states that no warrants have ever been tendered to him for his signature; and that as far as he is "informed and believes" no such warrants have ever been drawn for presentation to him for his signature; and further that there are no funds in the treasury in the salary fund to meet any such warrants.

Respondent further answering, shows to the court that he would refuse to sign the warrants ordered to be issued, and for reasons stating that he would so refuse, says: "1st. The compensation of the county counselor, to be paid out of the county treasury, is a sum of money not exceeding three thousand dollars a year, and is to be paid quarterly and not monthly upon warrant of the county court, issued in favor of the county counselor, to the county treasurer for that purpose, and is not payable in any other or different manner, and that no warrant should, under the statutes in said cases made and provided, be issued to the county counselor, for monthly installments of two hundred and fifty dollars each.

"2d. In the act providing for county counselors, it is provided that the county counselor shall attend each and every sitting of the county court and be present during the sittings of the same and give his advice upon all legal questions that may arise, and assist the court in all such matters as may be referred to him, shall commence, prosecute or defend, as the case may be, all civil suits or actions, in which the county is interested and shall generally represent the county in all matters of civil law.

"Respondent says that said J. G. L. Harvey, relator herein, has failed and refused to attend each and every sitting of the county court and has failed and refused to be present during the sittings of the county court, but on the contrary, has absented himself from said court and has neglected the duties of his office, that he has failed to commence, prosecute or defend civil suits in which the county is interested and has failed and refused to represent the county generally in all matters of civil law, but on the contrary, has appeared and acted contrary to the interest of the county in certain matters pending in the civil courts, and the county court has been compelled to employ and pay other attorneys to perform the work which should be performed by said county counselor." That the order made to pay relator his salary was improvidently issued for the reasons above set forth.

The respondent alleges as a further defense that he was entitled to a certain limit of time in which to consider the validity of said order as to relator's salary and to show that the same was improvidently made, and to get the other members of the court to rescind the same, and this proceeding was begun without giving respondent such necessary time. Respondent further pleads that relator has an ample remedy at law without recourse to a writ of mandamus. For all of which he asks to be dismissed.

The relator filed a motion for judgment on respondent's answer based upon the theory that it contains no legal defense to the action. As the motion is to be taken as an admission of the truth of the statements of the return, the questions before the court are questions of law, the facts being admitted.

It is admitted that respondent is the presiding judge of the county court of Jackson county, and that the relator is its legally appointed and acting counselor; that his salary is $3000 a year; that he has not been paid his salary for the months of October and

December, 1911, and for the months of January, February and March, 1912, amounting in the aggregate to the sum of $1250; and that the county court made an order allowing the same and ordered the clerk to issue to relator warrants covering the amount.

It will be seen that the relator does not in so many words allege that the clerk of the court had issued the warrants, but inferentially he does. The respondent has so treated it and attempted to put that matter in issue by the following language in his return, viz.: "So far as respondent is informed and believes, no warrants have ever been drawn for presentation to him for his signature." This is no answer. He should have stated that he did not have any knowledge or information thereof sufficient to form a belief. [Section 1806, Revised Statutes 1909.] The object for this rule of pleading is to test the conscience of the pleader, that is, to prevent him from evading the truth of the matter by the use of words of doubtful meaning. This section of the statute was construed as early as the case of Revely v. Skinner, 33 Mo. 98, where it is held that the averment in such case must be that the pleader has neither knowledge nor information sufficient to form a belief. It, therefore, stands admitted that warrants had been prepared for the signature of respondent. And in the absence of a denial that the clerk had not performed his duty in that respect, the presumption is that he had done so. We believe it is an universal rule that, until the contrary is shown, one who occupies a position of public trust has acted rightly.

The respondent's allegation that no such warrants had ever been presented to him by the clerk for his signature constitutes no defense. We do not conceive that it was the duty of the clerk to tender to the respondent the warrants for his signature. The statutes made it the duty of the respondent to sign them. There is no provision that the clerk should present

them to him for his signature. Section 3789, supra, in
speaking of the matter uses this language: "It (the
warrant) shall be signed by the president of the court
whilst the court is in session." It can be no justifica-
tion for respondent to avoid the discharge of his duty
under the law on the flimsy pretense that the clerk
did not hand him the warrants for his signature, or
that anyone should present them to him for his signa-
ture.

The respondent further states that he would re-
fuse to sign said warrants for several reasons. 1st.
That the relator's salary is not payable monthly, but
quarterly, and that no warrants could issue to relator
under the law for a monthly installment of $250. 2d.
That relator failed, refused and neglected to perform
the many duties of his office, and is not therefore en-
titled to any salary. 3d. That the order of the court
to pay relator for his services was improvidently is-
sued for the foregoing reasons, and for the further
reason that there are no funds in the treasury, in the
salary fund, to meet any such warrants or to pay such
claims. 4th. That time was not given to respondent for
deliberation before he signed said warrants, as the de-
mand for him to do so was made immediately after
the order was entered. 5th. That relator has his rem-
edy at law.

As to the first point. Under the provisions of
section 1044, article 4 of chapter 10, R. S. 1909, the
county court of any county containing one hundred
thousand inhabitants or more, may appoint a county
counselor in their discretion. Section 1047 of the ar-
ticle provides for his salary, the amount to be fixed
by the court and to be paid quarterly. Section 10737
fixes the salaries of certain county officers, among
which is that of county counselor, and how they shall
be paid in all counties containing a population of one
hundred and fifty thousand and less than five hun-
dred thousand which applies to Jackson county. The

section provides a salary of three thousand dollars for the county counselor, and that all the salaries of the county officers enumerated, including that of the counselor, shall be paid in monthly installments on the first day of each month. The two statutes it will be seen are slightly in conflict. The words used in section 1044 limiting the appointment of a county counselor in counties of one hundred thousand or more, literally speaking, would include counties of one hundred and fifty thousand and less than five hundred thousand inhabitants, and even more than the latter number, but it is very apparent that the legislature did not intend that it should be so construed. Both sections are *in pari materia* and are to be construed together, and when so construed, the meaning is that in all counties having a population of more than 150,000 and less than 500,000 inhabitants, the county counselor's salary is fixed at $3,000, to be paid monthly. In counties with a population of more than 100,000 and less than 150,000, payment of the salaries of county officers is to be quarterly.

As to the second point. Section 10744, *idem,* provides how the county counselor and other county officers shall be paid. It reads: "It shall be the duty of the county court of all such counties to cause a warrant to be drawn on the treasury of its county on the first week day of each month, in favor of each of the before mentioned officials . . . for the amount of salary due each of them, to be paid out of any money available in the treasury, and shall keep a correct account of the same." Under this section, the county court had no discretion whatever. It was bound to issue relator a warrant for each month for the amount of his salary then due, whether there was any money in the treasury or not. It was the only way in which he could get his pay as an officer of the county. The policy of the law in giving a public officer a salary for the services he renders to the state is to enable him

to have a support for himself while he is in such service, otherwise, in many instances, if the pay of a public officer should be withheld, he would have no means for a living, without recourse to some other employment, and thus his efficiency as a public official would be impaired. The case of State ex rel. v. Douglas County, 148 Mo. 37, and State ex rel. Macon County, 68 Mo. 29, have no application whatever as they do not relate to payment of salaries of public officers.

We have been considering the points made by respondent, not in the numerical order, but have dealt first with those of the most importance. As to the insistence that as the relator has an adequate remedy at law to establish his claim he is not entitled to the warrants, the argument is, that he should sue the county and establish his claim in the form of a judgment and then he would be entitled to the writ if the county court refused to issue its warrants. There is no basis whatever for this contention. The relator has no remedy against the county in an action at law to recover his salary. As long as the relator remains in office his right is as incontrovertible as the judgment of any court could possibly be under the statute fixing the amount and the manner of the payment of his salary. A court of law could not give him any more than the law has given. The county court had no authority or jurisdiction to pass upon his salary. Its duty was purely ministerial to audit and issue a warrant for each month's service.

It is no defense to this action that relator did not perform the duties of his office, and was, therefore, not entitled to his salary. The right of a public officer to his salary is not a matter of contract, and is not dependent on the fact that he performs the duties of his office. It is said: "A public officer is not entitled to his salary by virtue of a contract, express or implied. The right to the salary which the statute or ordinance prescribes, exists as a creature of the law,

and as an incident to the office; and that salary is to be paid him whether or not he neglects his official duties, or performs services for which it is no fair compensation.'' [Bates v. City of St. Louis, 153 Mo. 18; Cavanee v. City of Milan, 99 Mo. App. 672; Gracey v. City of St. Louis, 213 Mo. 384.]

Another contention of respondent is that he was not given sufficient time after the demand was made on him to sign the warrants. The order and demand were made on the 6th of April; the application for the writ was made on the 8th, and the alternative writ was issued on the 10th of April. The respondent's return was made on the 29th day of April. If respondent was not afforded sufficient time to consider it from date of demand to the time when the alternative writ was issued, he certainly had ample time to have done so when he filed his return on the 29th of April. And it seems he has done so, therefore, it could be a matter of no consequence that he was not afforded sufficient time at the beginning. After full deliberation he has set up these numerous reasons why the final writ shall not go against him, all of which it seems are wholly without merit, and some of them hardly worthy of notice. The good faith of the respondent we do not question for a moment. He evidently believes that the county counselor has not given his time and attention to the duties of his office as the law required of him, and that he does not believe that he is entitled to compensation for services not rendered. But he has sought the wrong remedy. If the relator has not discharged the duties of his office as the law required of him he should be removed from the office in the manner provided by the statute in such cases. It follows, from what has been said, that a peremptory writ be issued as prayed. All concur.