THE STATE OF MISSOURI ex rel. G. W. HENDRICKS and A. H. GERARD, Appellants, v. ADAIR COUNTY COURT, Respondent.

Kansas City Court of Appeals, January 5, 1914.

1. MANDAMUS: Pool Licenses: Case Made by Alternative Writ and the Return. Even though relator's petition and the alternative writ allege that the county court arbitrarily refused without cause to grant a pool license, yet where they also allege that the county court refused to hear the evidence in support of the application for license, and the return of the county court admits that no evidence was heard but denies that there were no reasons for refusing the license, relators, if entitled to anything (which is not decided), could only have a peremptory writ directing the county court to hear the matter and not one directing a license to issue.

2. ——: ——: ——. The peremptory writ must follow the alternative writ. And when the latter asks for a larger order than the court can properly grant, a peremptory mandamus must be refused even though the petitioner would have been entitled to relief if the alternative writ had been properly framed. The fact that the alternative writ may be amended makes no difference where no amendment thereof was asked.

3. ——: ——: Discretion of County Court. Where the case, as made by the pleadings, shows that the county court heard no evidence in support of the license application, a peremptory writ compelling the county court to grant a license cannot issue because the granting of a pool license is not a matter of personal right as in the case of a useful occupation. It rests in the discretion of the county court which discretion cannot be controlled or reviewed by mandamus.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*J. A. Cooley* and *C. E. Murrell* for appellants.

*Millan & Banning* for respondents.

TRIMBLE, J.—Relators brought mandamus to compel respondents, as judges of the county court of Adair county, to grant them a license to maintain five pool tables in the city of Kirksville.

Their petition alleged, in substance, that the application for a license was presented to, taken up, and considered by the county court; that they offered evidence to prove that the applicants were of good moral character and that the place where said tables were proposed to be kept was a fit and proper place for the same; but that said county court refused to hear said evidence, and then and there admitted it was satisfied the applicants were of good moral character and law-abiding citizens and that the place where said tables were to be kept was a proper place, but arbitrarily declined and refused to grant said license stating in the record that "The court after taking up the matter herein and after due consideration of the same doth order that said application be, and is hereby denied, for the reason that in the opinion of the court it is not a useful but harmful occupation;" that said county court arbitrarily declined and refused to grant said license solely because two of said judges were opposed to pool halls being conducted in said county and were personally opposed to the issuance of pool licenses. Wherefore, relators prayed the circuit court to issue its writ of mandamus commanding the county court to order a pool license issued to relators.

The alternative writ was issued commanding the county court to immediately issue to relators a license

to maintain five pool tables at Kirksville for the period prescribed by law upon the payment of the legal license taxes and fees, or that the county court appear and show cause for refusal so to do.

The county court in due time filed return, in which the judges admitted that they refused to hear the evidence tendered as to character of the men and fitness of the place, but denied that at the hearing the county court admitted it was satisfied said applicants were men of good moral character and law-abiding citizens, or that the place where the tables were proposed to be kept was a fit and proper place therefor; and denied that said application was refused solely because the respondents were personally opposed to pool halls in Adair county; and further denied that the order entered upon the minutes of the county court constituted or contained the sole reason for refusing to grant said license. The return then proceeds to set up other reasons why the county court, in the exercise of its discretion, refused to grant the license, among them being the location, in Kirksville, of the State Normal School and the American School of Osteopathy at which large numbers of young men attend, and that the pool hall owners were in the habit of allowing minors to visit and spend their evenings therein to such an extent that the evil had become a subject of general discussion by the people of Adair county. (Relators had been keeping their pool hall in Kirksville for some years prior and up to the application for the license herein.) Said return also stated that the above facts were learned by said judges at and prior to the hearing of relators' application, and that, in refusing to grant said relators the license asked for, they (the county court) "carefully considered the application and exercised their best judgment and discretion honestly and faithfully as under the law they were empowered to do."

Relators filed a motion for judgment and for the issuance of the peremptory writ notwithstanding the

return. This motion was overruled. Thereupon relators filed reply to the return in which they denied the new matter set up therein and denied that respondents carefully considered said application or exercised their judgment or discretion in refusing said license, and averred that same was refused without cause, and closed by again praying for the issuance of a peremptory writ commanding the county court to grant a license.

Respondents then filed a motion for judgment on the pleadings which the circuit court sustained, thereby dissolving the alternative writ and dismissing relators' petition. Whereupon relators appealed.

It is their contention that they were entitled to a pool license but that the county court arbitrarily refused to grant it, wherefore they ask that said court be compelled to do so. Passing for the moment, and without deciding or conceding, the question whether the case, as made by the *pleadings,* is shown to be one where the county court arbitrarily and without cause refused a license, and also passing the question whether, if so, relators are entitled to relief by mandamus, it will be observed that, if the facts stated in relators' petition are true, what the county court really did was to refuse to hear relators' application for license. Consequently, if relators are entitled to any relief at all, they are entitled to a mandamus directing the county court to hear said application, and not one commanding the court to issue a license. But relators did not ask that the county court be made to hear and pass upon their application and do whatever the law and the evidence would warrant, but that it be made to issue the license. And the alternative writ does not command the county court to hear the evidence in support of the application but orders the county court to grant the license or show cause for not doing so. The peremptory writ must follow the alternative writ. Consequently, when the alternative

writ asks for a larger order than the court can properly grant, a peremptory mandamus must be refused even though the petitioner would have been entitled to relief if the alternative writ had been properly framed. [State ex rel. v. Howard County Court, 47 Mo. 247.] It is true, under our statute, section 1864, Revised Statutes 1909, the alternative writ could have been amended but no leave to amend was asked. Under the pleadings, as made up by the alternative writ and the return, there was no admission that relators had shown everything entitling them to a license. The only admission made, necessary to be noticed now, was that the county court refused to hear the evidence proffered by the applicants. If relators are entitled to a license as a matter of law whenever a proper showing is made, then the license is not demandable as a matter of right until that hearing is had and a conclusion on the facts favorable to relators is reached. So that, in this case where the pleadings show that the county court refused to hear the evidence, the relators are not entitled to a peremptory writ directing a license to be issued. If entitled to any relief by mandamus at all, they are entitled to a writ directing the county court to hear the matter. But this is not what is asked. Consequently, even if relators can compel the county court to grant a license when an application has been heard and all the facts have been found in their favor, still the circuit court did not err in dismissing the proceeding in this case.

Whether relators are entitled to demand a license when all the facts have been found in their favor is a question we do not decide, since it is not necessarily before us in the present case. But certainly relators are not entitled to a peremptory writ *ordering a license* to be granted when the pleadings show that no evidence was heard, even if the county court's reason for refusing to hear the evidence is because it is opposed to pool halls. If that was true, then it might

happen that relators could, by mandamus, obtain a license which they could not obtain upon evidence, *pro* and *con,* submitted to the county court. In fact it seems to be very likely the case here, as the return of the county court states that the pool hall owners of Kirksville (among which are relators), have been in the habit of allowing minors to spend their evenings in such halls, and further.denies that the county court was satisfied either that the applicants were of good moral character or the place a proper one.

It is urged that the record of the county court shows that the only reason the license was refused was because a majority of the judges of the county court were opposed to pool halls and sought in this manner to prohibit them. It may be a question whether the record shows this or not for the statement therein that the keeping of a pool hall "is not a useful but harmful occupation" may be only the statement of the fundamental reason, or reason underlying all other reasons, for refusing the license. But, whether this be true or not, the alternative writ and all the pleadings show that evidence was not heard in the matter, and relators' other claims are not admitted but are denied. The license does not issue as a mere matter of right, but the granting thereof rests in the discretion of the county court exercised by it upon all the facts and evidence before it in the matter. Hence, where the record shows no evidence was heard, relators' right to a mandamus of any kind (if any such right exists) is a right to have the application for the license heard and considered, and not a right to have a peremptory writ directing a license to be issued.

The judgment is affirmed. All concur.