THE STATE ex rel. T. C. TADLOCK, Prosecuting At- torney of Jasper County, v. ROBERT A. MOONEY- HAM, and S. S. NIX, County Treasurer, Appellants.

Division Two, December 22, 1922.

1. **APPELLATE JURISDICTION**: Constitutional Question. The mere filing of briefs in which the construction of a certain section of the Constitution relating to the jurisdiction and function of the county court is argued does not so raise a constitutional ques- tion as to give the Supreme Court appellate jurisdiction.

2. ———: ———: Illegal Act of County Court. Where the petition for the cancellation of a warrant issued by the county court to an attorney in payment for his services in ferreting out and adding to the assessment books large amounts of concealed and omitted personal property, and to enjoin the county treasurer from pay- ing such warrant, simply alleges that the county court had no

legal authority to make the contract or issue the warrant, and a constitutional question is not raised or mentioned in the pleadings or the motion for a new trial, and there is nothing in the record to indicate that the trial court determined or considered such a question, the Supreme Court cannot assume jurisdiction on the ground that such question is involved. The constitutional question must be raised at the first opportunity, and kept alive throughout the case, and in this case it should have been raised in the pleadings.

3. ————: ————: County or State Officer as Party. That clause in the Constitution (Sec. 12, Art. 6) declaring that "in cases where a county or other political subdivision of the State, or any state officer, is a party" the Supreme Court has jurisdiction, does not give it jurisdiction of an appeal from a judgment, in an injunction suit brought by the prosecuting attorney, enjoining the county treasurer from paying a warrant issued to another defendant for services rendered, and cancelling such warrant, in which case neither the county nor the county court was made a party. The word "party" within the meaning of those constitutional words must be a party to the record, and if the county court were made a party the Supreme Court would not on that account alone have jurisdiction of the appeal.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson*, Judge.

Transfered to Springfield Court of Appeals.

*J. D. Harris* for appellant.

*C. S. Walden*, Prosecuting Attorney for Jasper County, for respondent.

WHITE, C.—This, a suit in equity, was brought in the Circuit Court of Jasper County by the Prosecuting Attorney who sought thereby to restrain the County Treasurer of Jasper County, S. S. Nix, from paying to Robert A. Mooneyham a warrant for six thousand dollars issued by the County Court of Jasper County on the second day of May, 1918.

The petition alleged that the judges of the county court, having full power by virtue of the laws of this State to audit and allow all legal claims against the

county, and to issue warrants for the same, without authority of law, audited and allowed a claim or demand of Robert A. Mooneyham for six thousand dollars, and wrongfully and illegally without authority drew a county warrant or script against said county treasury for the said sum of six thousand dollars.

It was then alleged that the warrant was issued in payment of attorney fees which the said Robert A. Mooneyham claimed to be due him for services rendered the County of Jasper in causing to be placed upon the tax books of said county property subject to taxation in the county had not theretofore been duly assessed, and that the services rendered by the said Robert A. Mooneyham were rendered under a pretended contract which the said county court had no legal authority to make, and which was illegal and void, and did not give authority to the said Robert A. Mooneyham to render said services to said county.

The petition then prayed that said Robert A. Mooneyham be directed to bring into court the county warrant issued as aforesaid, and that the same be declared illegal and void and by the said court canceled; and for a further decree that S. S. Nix, the county treasurer, be perpetually enjoined from paying said county warrant.

For answer the defendant admitted the employment of Mooneyham in the manner alleged, the agreement to pay him for the services rendered, and issuance by the county court of warrant for six thousand dollars. The answer then alleges that the county court, having jurisdiction of the matter, had rendered its judgment and decision thereon in favor of Mooneyham; that T. C. Tadlock, Prosecuting Attorney of Jasper County, had no right or authority to maintain the suit.

For further defense the answer alleged that funds of the county, appropriated for various purposes, had become depleted because large amounts of personal property in the county were escaping taxation; that the county court, being advised that the county assessor of said county was unable, with the means at his command, to

ferret out and discover said property, on the seventeenth day of January, 1917, had entered into a contract, in writing, whereby Robert A. Mooneyham, who was capable, efficient and qualified to do such work, was employed to ferret out, discover and locate omitted and unassessed personal property in Jasper County. That in pursuance of said employment said Mooneyham proceeded to ferret out and cause to be assessed property in Jasper County amounting to eight million dollars, so that the county realized one hundred thousand dollars additional revenue by reason of the services rendered by him under the contract. That according to the terms of the contract said Mooneyham was to receive twenty per cent of the additional revenue collected by reason of his services, and he was therefore entitled to the sum of twenty thousand dollars; that thereupon the county court sought to effect a compromise with Mooneyham before paying for his said services, and did effect a compromise whereby said Mooneyham agreed to settle his claim for the sum of six thousand dollars; that a warrant was issued and delivered to Mooneyham and presented to the county treasurer for payment. It was further alleged that there being no money in the fund upon which the warrant was drawn, payment at the time was refused and the warrant protested; that in the meantime, before the filing of this suit, Robert A. Mooneyham had, for value received, negotiated the warrant to the Citizens National Bank of Golden City, Missouri, and that bank had negotiated said warrant to a third person whose name is to the defendant unknown. The defendant prayed to be discharged with his costs.

The facts agreed upon as set out in the abstract of the record correspond very closely with the allegations of the petition and answer. On a trial of the cause, March 27, 1920, the trial court rendered judgment for plaintiff as prayed in the petition and defendant appealed.

I.   There is no constitutional question involved which gives this court jurisdiction. The briefs filed here by both sides argue a construction of the section of the Constitution relating to the jurisdiction and function of a county court.   A great deal of the argument turns upon that question.   The petition by which the injunction and the cancellation of the warrant are sought does not mention the Constitution.   It only says the county court had no legal authority to make the contract or issue the warrant. The answer alleged that it had. The Constitution is not mentioned in the answer.

In order that a constitutional question may be raised so as to give this court jurisdiction it must be presented to the trial court at the earliest possible moment and kept alive throughout the case.   It is not mentioned in the motion for new trial and there is nothing to show that the trial court passed upon or considered a constitutional question.   It should have been raised in the pleadings, because every fact affecting the case is set forth in the pleadings, and if these facts show that any section of the Constitution was involved in determining the issues presented, such section of the Constitution should have been cited.   [Burns v. Insurance Co., 295 Mo. 680, and cases there cited; Berniger Moving Co. v. O'Brien, 234 S. W. 1. c. 812; Chapman v. Adams, 230 S. W. 80; Huckshold v. U. Rys. Co., 226 S. W. 852; Republic Rubber Co. v. Adams, 213 S. W. 80; State ex rel. Jones v. Howe Scale Co., 277 Mo. 213; Strother v. Railroad, 274 Mo. 1. c. 276-8, and cases cited.]

II.   Article 6, Section 12 of the Constitution provides that this court shall have jurisdiction, "in cases where a *county* or other political subdivision of the State, or any state officer, is a party." The word "party" as used in that clause of the Constitution evidently means a party to the record.   Whether or not the general definition of "parties," such as that given in the case of Womach v. City of St. Joseph, 201 Mo. 1. c. 468, would or would not apply we need not discuss.   Jasper County

was not a "party" as the term is understood so as to give jurisdiction to this court.

The Courts of Appeals have several times entertained appeals where judges of the county court were parties, without a question being raised as to the jurisdiction. [State ex rel. Harvey v. Gilbert, 163 Mo. App. 679; State ex rel. Gay v. Reyburn, 158 Mo. App. 172; Steffen v. Long, 165 Mo. App. l. c. 254; State ex rel. v. County Court, 177 Mo. App. 12; Blades v. Hawkins, 240 Mo. 187.]

The Blades Case was a suit brought to enjoin the judges of the County Court of Stone County from issuing a warrant. On appeal the case went to the St. Louis Court of Appeals, where GOODE, J., wrote the opinion of the court. The case was then certified to this court on the ground that the decision was in conflict with a decision of this court. This court adopted the opinion of Judge GOODE, no question being raised as to the jurisdiction of the St. Louis Court of Appeals to entertain the case. That was a tacit holding by this court that it had no jurisdiction of an appeal where the judges of the county court are parties in an action to enjoin the issuance of a warrant. It is apparent that a "party," within the meaning of the constitutional provision quoted, must be a party to the record. [See also Barnett v. St. Louis, 195 S. W. 1017.]

This court being without jurisdiction to entertain the appeal the cause is transferred to the Springfield Court of Appeals. *Railey, C.,* concurs; *Reeves, C.,* absent.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur, except *David E. Blair, J.,* not sitting.