THE STATE to use of DAN N. NEE, Appellant, v. WILLIAM R. GORSUCH et al., Judges of County Court of Greene County.

In Banc, March 22, 1924.

**APPELLATE JURISDICTION: Suit Against County Court: County Not Party.** The Supreme Court does not have jurisdiction of an appeal from a judgment of the circuit court in a mandamus suit brought by an assistant prosecuting attorney to compel the judges of the county court to issue him a warrant in payment of back salary, where the amount involved is less than $7,500 and the county is not made a party. That clause of the Constitution (Sec. 12, art. 6) declaring that "in cases where the county or other political subdivision of the State, or any state officer, is a party" the Supreme Court shall have jurisdiction does not give the Su-

preme Court appellate jurisdiction of a suit, involving less than
$7,500, brought against the judges of the county court alone, al-
though the county is the real party in interest.  The word "party"
as used in this clause of the Constitution means a party to the
record, and a suit brought against the judges of the county court
alone cannot be said to be a case to which "the county or other
political subdivision of the State is a party."  [Overruling State
ex rel. Carroll v. Cape Girardeau County Court, 109 Mo. 1. c. 252.]

*Held*, by GRAVES, C. J., with whom RAGLAND, J., concurs, that
    the county is the real party in interest, and a judgment for
    relator would amount to a money judgment against the county,
    which could only be paid out of funds belonging to the county,
    and in which the judges of the county court can have no per-
    sonal interest, and in such case the county is a party within
    the meaning of the Constitution, and the Supreme Court has
    appellate jurisdiction.

Headnote 1:   Courts, 15 C. J. sec. 511.

Transferred from Springfield Court of Appeals.

REMANDED TO SPRINGFIELD COURT OF APPEALS.

*John Schmook* for appellant.

*Harold T. Lincoln* and *C. H. Skinker, Jr.*, for re-
spondents.

DAVID E. BLAIR, J.—Relator (appellant here)
filed suit in mandamus in the Greene County Circuit
Court to compel respondents, as judges of the county
court of said county, to issue a warrant on the county
treasurer in payment of back salary, claimed by rela-
tor to be due him as second assistant prosecuting attor-
ney of said county.  Peremptory writ of mandamus was
denied by the circuit court, and an appeal to the Spring-
field Court of Appeals was granted to relator.  That
court transferred the case to this court, under the pro-
visions of Section 12, Article VI, of our Constitution,
on the ground that Greene County is the real party in

interest and therefore a party to the suit within the meaning of said Section 12.   [State to use of Nee v. Gorsuch, 230 S. W. 663.]   The first question which presents itself is whether the Springfield Court of Appeals properly transferred the case to this court, as the amount involved is not within our appellate jurisdiction.

That portion of Section 12, Article VI, bearing on the question, reads as follows:  "Appeals shall lie from the decisions of the St. Louis Court of Appeals  .  .  . in cases where a county or other political subdivision of the State or any State officer is a party  .  .  ."  Section 5 of the 1884 Amendment to Article VI abolished the appellate jurisdiction of the courts of appeals in this and other classes of cases mentioned in said section, and gave this court direct and exclusive appellate jurisdiction therein.

The opinion of the Springfield Court of Appeals held that the county is a party, if it is the real party in interest, whether it is named as a party to the record or not.   Hethcock v. Crawford County, 200 Mo. 170, 98 S. W. 582, and State ex rel. Carroll v. Cape Girardeau County Court, 109 Mo. l. c. 252, 19 S. W. 23, are cited and relied upon in the opinion as authority.

The Hethcock Case is not in point.   Crawford County was a party of record in that case.   The suit originated by filing a written statement of account against the county in the county court.   The claim was there disallowed, and an appeal was taken to the circuit court, and later the case came to this court upon appeal by the county from a judgment of the circuit court in favor of claimant.   This court had jurisdiction of the case on appeal under the express language of Section 12, Article VI, of the Constitution.

At the October term, 1891, of this court, in the case of State ex rel. v. Cape Girardeau County Court, supra, upon a very similar state of facts, it was decided that this court had jurisdiction.   That case is squarely in point here.   The action was in mandamus to compel the judges of the county court to pay a claim against the

county. The opinion merely refers to the fact that, at some time before the opinion was handed down, a motion to transfer the case to the St. Louis Court of Appeals, on the ground that Cape Girardeau was not a party within the meaning of Section 12, Article VI, of the Constitution, had been overruled by the majority of the court, and that Judge SHERWOOD, who wrote the opinion on the merits, still entertained the opinion that the case should have been transferred. No discussion of the question of jurisdiction appears in the opinion. We have examined the records of this court in that case and find no opinion was filed in ruling on the motion to transfer the case.

Greene County was not made a party of record in the case at bar. If we have jurisdiction it is only upon the ground that the county is the real party in interest. Such is the ground upon which the Springfield Court of Appeals transferred the case to this court.

At the October term, 1922, Division Two of this court decided the case of State ex rel. Tadlock v. Mooneyham, 296 Mo. 421, 247 S. W. 163. That was a suit to enjoin the county treasurer of Jasper County from paying an alleged illegal warrant previously issued to Mooneyham by the county court. WHITE, J., then commissioner, wrote the opinion. It was concurred in by Commissioner RAILEY and two of the judges, the writer not sitting. We quote from the opinion as follows:

"II. Article 6, section 12, of the Constitution provides that this court shall have jurisdiction 'in cases where a county or other political subdivision of the State, or any state officer, is a party.' The word 'party,' as used in that clause of the Constitution, evidently means a party to the record. Whether or not the general definition of 'parties,' such as that given in the case of Womach v. City of St. Joseph, 201 Mo. l. c. 468, 100 S. W. 443, 10 L. R. A. (N. S.) 140, would or would not apply, we need not discuss. Jasper County was not a 'party'

as the term is understood, so as to give jurisdiction to this court.

"The Courts of Appeals have several times entertained appeals where judges of the county court were parties, without a question being raised as to the jurisdiction. [State ex rel. v. Gilbert, 163 Mo. App. 679, 147 S. W. 505; State ex rel. Gay v. Rayburn, 158 Mo. App. 172, 138 S. W. 79; Steffen v. Long, 165 Mo. App. 1. c. 254, 147 S. W. 191; State ex rel. v. County Court, 177 Mo. App. 12, 163 S. W. 279; Blades v. Hawkins, 240 Mo. 187, 112 S. W. 979, 144 S. W. 1198, Ann. Cas. 1913B, 1082.]

"The Blades Case was a suit brought to enjoin the judges of the County Court of Stone County from issuing a warrant. On appeal the case went to the St. Louis Court of Appeals, where Judge GOODE wrote the opinion of the court. The case was then certified to this court on the ground that the decision was in conflict with a decision of this court. This court adopted the opinion of Judge GOODE, no question being raised as to the jurisdiction of the St. Louis Court of Appeals to entertain the case. That was a tacit holding by this court that it had no jurisdiction of an appeal where the judges of the county court are parties in an action to enjoin the issuance of a warrant. It is apparent that a 'party,' within the meaning of the constitutional provision quoted, must be a party to the record. [See, also, Barnett v. City of St. Louis, 195 S. W. 1017.]"

The case of State ex rel. Carroll v. Cape Girardeau County Court, supra, is not cited or discussed in the Mooneyham Case.

The courts of appeals have appellate jurisdiction in all cases where the amount involved does not exceed $7500. [Sec. 2418, R. S. 1919.] The only exceptions are the classes of cases specifically mentioned in Section 12, Article VI, of the Constitution. One of these is where the county is a party. Another is where a state officer is a party. The Constitution does not expressly give this court jurisdiction where a county officer is a party. It is difficult to conceive of a case, where a county officer

is a party in his official capacity, in which the county is not the real party in interest. The omission of county officers from this section of the Constitution is significant. The framers of the Constitution were doubtless aware that suits by and against county officers as such were frequent. If they had intended for the Supreme Court to have appellate jurisdiction, when county officers are parties, it would seem that they would have so written the Constitution. On the contrary, and under the familiar maxim *expressio unius est exclusio alterius,* the fact that the framers of the Constitution named state officers as parties to the suit fixing our jurisdiction, and did not name county officers, is persuasive, if not conclusive evidence that it was not intended for the Supreme Court to have appellate jurisdiction of cases where county officers are parties, unless the amount involved exceeds $7500. To hold that we have jurisdiction where county officers are parties, merely because the county is the real party in interest, is to read into the Constitution something not therein expressly written and something not necessarily incident to the jurisdiction therein expressly conferred upon this court.

We agree with Judge WHITE, wherein he said in Mooneyham's Case, supra, "The word 'party,' as used in that clause of the Constitution, evidently means a party to the record." The only case we have found to the contrary which is in point is State ex rel. Carroll v. Cape Girardeau County Court, supra. That was not the unanimous opinion of the court and the reasoning upon which the ruling was made is not discussed in the opinion. We think that case reached an unsound conclusion upon the point, and to that extent should be overruled.

Since the amount involved in the case at bar does not exceed $7500 and Greene County is not a party to the suit, this court has no jurisdiction of the case, and it should be remanded to the Springfield Court of Appeals for determination upon the merits. It is so ordered. *James T. Blair, White* and *Walker, JJ.,* concur;

*Woodson, C. J.,* dissents; *Graves, J.,* dissents in separate opinion in which *Ragland, J.,* concurs.

GRAVES, J. (dissenting).—I dissent to this opinion. The Springfield Court of Appeals was right in transferring the case to this court. Greene County was the real party in interest. [State ex rel. Carroll v. Cape Girardeau County Court, 109 Mo. l. c. 252; State ex rel. v. Bockelman, 240 S. W. l. c. 211.] In the latter case (Court in Banc) it was said: "But in this case the county of Benton is the *real party in interest.* The question is whether such county pays its prosecuting attorney $1200 per annum, or $1800 per annum." In the Bockelman Case, the action was against the county court, and not the county. It was in this connection we said the county was the real party in interest. The purpose of the action there, as it is here, was to compel the county court to issue salary warrants, by which funds of the county would be taken. We had in mind the ruling in Carroll's Case when that statement was made. This suggestion by the Court in Banc (in Bockelman's Case) was not noted by Judge WHITE in Division No. 2, in Tadlock v. Mooneyham, 296 Mo. 421.

In the case at bar the plaintiff, by an action in mandamus, seeks to take from the treasury of Greene County a stated sum of money. The process of thus attacking the county and its funds is through an action against the county court—the members thereof. These judges have no personal interest in the money of the county. They are officially designated to act for the county and only have the interest of an officer of the law. The real interest in the money lies in the county itself. In such situation, I think the county is a party to the suit within the meaning of the Constitution.

Let us reason the situation for a moment. Suppose the relator here had sued the county direct for the identical money he seeks to get through *mandamus.* In such case the appeal would be to this court and not to the Court of Appeals, and yet the same fund is involved.

The county is just as much the real party in the one case as in the other. Of course there are many instances where actions against a county court, or its members, are not actions against the county or effecting the county. The county court may be sued to compel the issuance of a license of some kind, where refusal had been made to issue the same. In the outcome of such case the county has no direct interest. An appeal in such case, absent constitutional questions, would go to the Court of Appeals. But in a case like this, where the judgment for relator amounts to a money judgment against the county, which is to be paid out of funds belonging to the county, the appeal in my judgment comes to this court, for the reason that the county is the real party in interest. *Ragland, J.,* concurs in these views.