STATE of Missouri ex rel. The TOWN OF OLIVETTE, a Municipal Corporation; Ray G. Mills, Clarence A. Miller, Milton Lief, Charles H. Spoehrer, and Thomas A. Grady, Constituting the Board of Trustees of the Town of Olivette; Walter Brockman, Elmer Brockman, Ewald Jacob, Ferguson B. Geers, John Heger, E. W. Baker and Carl Mueller (Plaintiffs), Respondents,

v.

The AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a Corporation; Thomas Dunne, Jas. H. J. McNary, Eugene Buechler, Jas. A. Singer, Frank A. Martini, Harold L. Carey and Charles R. Skow, Constituting the St. Louis County Council; Frank C. Roe, Director of Public Works, St. Louis County; and Luman F. Matthews, County Supervisor of the County of St. Louis (Defendants), Appellants.

No. 44117.

Supreme Court of Missouri.

Division No. 2.

Dec. 13, 1954.

Fred M. Joseph, Chaim H. Zimbalist, Clayton, Peter C. Elvis, Kansas City, for appellant American Tel. & Tel. Co.

John J. McAtee, St. Louis County Counselor, Clayton, Herbert C. Funke, Asst. County Counselor, Maplewood, for appellants Thomas Dunne et al.

Carroll J. Donohue, St. Louis, Robert O. Hetlage, Clayton, Salkey & Jones, St. Louis, for plaintiffs-respondents.

BARRETT, Commissioner.

The St. Louis County Council, after application to the St. Louis County Planning Commission, granted the American Telephone and Telegraph Company a special permit to erect and operate a radio relay tower on Lot 5, Grandview Subdivision, an unincorporated area in St. Louis County. The town of Olivette through its board of trustees and seven individuals who own property and reside in the vicinity of the proposed tower instituted this action to permanently enjoin the American Telephone and Telegraph Company from erecting the tower and to compel the St. Louis County Council and its County Supervisor to revoke and cancel the special permit. After a hearing the Circuit Court of St. Louis County found that the special permit issued by the St. Louis County Council was void and enjoined the American Telephone and Telegraph Company from erecting the tower. The American Telephone and Telegraph Company filed its notice of appeal to the St. Louis Court of Appeals and the County Council, the County Supervisor and the Director of Public Works filed their notice of appeal to the Supreme Court. The appeal was lodged in the St. Louis Court of Appeals and that court transferred the appeal to this court for the reason that the St. Louis County Council had appealed to this court.

■ Nevertheless, as indicated upon oral argument, the question of this court's jurisdiction remains, for if in fact jurisdiction of the appeal is not properly here this court has neither the right nor the power, Die-

trich v. Brickey, 327 Mo. 189, 37 S.W.2d 428, upon direct appeal, initially, to determine the merits of the controversy, despite the fact of the transfer by the Court of Appeals upon the reason stated in the order. State to Use of Nee v. Gorsuch, 303 Mo. 295, 260 S.W. 455.

The appellants Dunne, McNary, Buechler, Singer, Martini, Carey and Skow "constituting the St. Louis County Council," Roe, Director of Public Works, and Matthews, County Supervisor, assert, because St. Louis County adopted a special "Home Rule" charter, Const.Mo. Art. 6, Sec. 18, V.A.M.S. and the county acquired all the powers heretofore vested in county courts and county offices, and because the appellants perform the functions of county judges and officers, that the action and appeal "in effect" involve St. Louis County and, therefore, jurisdiction of the appeal is in this court. Const.Mo. Art. 5, Sec. 3.

■ St. Louis County, as a political subdivision of the state, may be interested in the outcome of this litigation, but the county as such is not in point of fact a party to the suit and to this record. Odell v. Pile, Mo., 260 S.W.2d 521; Fort Osage Drainage Dist. v. Jackson County, Mo. App., 264 S.W.2d 792. A county, including St. Louis County (either prior to or since its new charter), may become a party to an action, but suit is instituted against a county as such in its official name and character and process making the county a party in its capacity as a political subdivision of the state is had by service of summons upon the county clerk. V.A.M.S. § 506.150; Weil v. Greene County, 69 Mo. 281. Under the new charter St. Louis County has a county clerk, but he is not a party and it is not claimed that there was service of process upon him in his official capacity or for the purpose of making St. Louis County a party to the action. The county may be the real party in interest but if the county is not in fact a party to the litigation jurisdiction of the appeal is not in this court. Perkins v. Burks, 336 Mo. 248, 78 S.W.2d 845; State ex rel. Walker v. Locust Creek Drainage

Dist., Mo., 58 S.W.2d 452; State ex rel. Cornelius v. McClanahan, Mo., 273 S.W. 1059. The parties to this appeal, particularly the County Council and the County Supervisor, perform the functions heretofore performed by judges of the county courts, and while they are parties to this action and this appeal in their official capacities, the fact does not make the county a party in the constitutional or jurisdictional sense upon their direct appeal to this court. County judges, or, in this case, the members of the County Council and the Supervisor, are not state officers within the meaning of our constitutional jurisdiction. Dietrich v. Brickey, Mo.App., 277 S.W. 615; State ex rel. Tadlock v. Mooneyham, 296 Mo. 421, 247 S.W. 163. The essential question briefed and argued upon this appeal is the right of the County Council to issue the special permit by "order" rather than by "ordinance," and so the action challenges the power and authority of the appellants in their official capacity but not as state officers or as representatives of the county as a political subdivision. State to Use of Nee v. Gorsuch, supra; Perkins v. Burks, supra. And the fact that the action is against county judges, or those performing their functions, in their official capacity and character does not make the county as such a party to the action and the appeal is not, for this reason, in this court. Village of Grandview v. McElroy, 318 Mo. 135, 298 S.W. 760; State ex rel. Stipp v. Cornish, Mo., 19 S.W.2d 294.

■ The appellants assert that jurisdiction is in this court for the additional reason that the respondents have raised a constitutional question, namely, that the special permit is void because it constitutes "spot" zoning, thereby depriving the respondents of their property without due process of law. While the trial court filed a memorandum in which the general subject of "spot" zoning, under the charter and the county's "zoning orders," was discussed, the court in its judgment found that "the order of the St. Louis County Council entered May 13, 1953 pursuant to which said special permit was issued were not issued nor authorized *in accordance with the procedure required by the St. Louis County Zoning Order and the St. Louis County Charter and are null and void and of no effect; * * *.*" Consequently, the trial court may have erroneously construed the charter and the provisions of the zoning ordinances, Commercial Bank of Jamesport v. Songer, Mo., 62 S.W.2d 903, but it does not appear that the trial court in point of fact passed upon or determined the cause upon any ground involving "the construction of the Constitution of the United States or of this state," Const.Mo. Art. 5, Sec. 3, and it does not appear that any such question was necessarily determined by the trial court. State ex rel. Walker v. Locust Creek Drainage Dist., supra; Schildnecht v. City of Joplin, 327 Mo. 126, 35 S.W.2d 35. In any event the appellants do not raise or brief and argue any such constitutional question and it is not claimed by the appellants that any such question was decided adversely to them and the appeal is not appropriately to this court for that reason. Killian v. Brith Sholom Congregation, Mo. App., 154 S.W.2d 387; Corbett v. Lincoln Savings & Loan Ass'n, Mo., 4 S.W.2d 824; State ex rel. Walker v. Locust Creek Drainage Dist., supra; Superior Press Brick Co. v. City of St. Louis, Mo., 152 S.W.2d 178.

It is not made to appear upon this record that jurisdiction of the cause upon direct appeal is appropriately in this court, initially, and accordingly the cause is transferred to the St. Louis Court of Appeals.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, Acting P. J., ELLISON, J., and DEW and ANDERSON, Special Judges, concur.