STATE ex rel. Mrs. Connie HEATH, Relatrix-Appellant,

v.

COUNTY COURT FOR NEW MADRID COUNTY, Missouri, and Albert Beis, Guy Calvin and O. R. Rhodes, or Their Successors, Defendants-Respondents.

No. 46500.

Supreme Court of Missouri,

Division No. 2.

June 8, 1959.

Sharp & Hatley, Charles C. Hatley, New Madrid, for appellant.

J. V. Conran, New Madrid, for respondents.

BARRETT, Commissioner.

Connie Heath instituted this action in mandamus against Albert Beis, Guy Calvin and O. R. Rhodes, the duly elected, qualified and acting judges of the County Court of New Madrid County. In general, it appears from the record that the Conran-Gideon Special Road District was incorporated in 1923 and in the course of its existence issued $22,200 worth of road bonds. The relatrix-appellant is the owner of one of these $1000 bonds and, apparently, in that capacity instituted the action. Subsequently the road district was dissolved and the County Court of New Madrid County appointed Mr. R. F. Baynes trustee of the district and Mr. Baynes administered his trust until his death in December 1952, without, however, making a full report and without paying all of the district's obligations, including the relatrix' $1000 bond. It is alleged in her petition that the County Court of New Madrid County, although requested to do so, has refused to appoint a successor trustee to complete the liquidation of the road district and pay its outstanding obligations. The prayer of the relatrix' petition is for a writ of mandamus commanding the judges of the county court to perform "the duties devolved upon them by law and to appoint a (successor) trustee for the said Conran-Gideon Special Road District" to the end that he may perform the duties "required of him by law." After a motion to dismiss and quash the alternative writ and to dismiss the relatrix' petition and after certain "Stipulations" between the parties, the circuit court sustained the motions and dismissed the relatrix' petition. The relatrix has lodged her appeal in this court, asserting that jurisdiction of her appeal is in this court "because it is an action by Appellant against the Judges of the County Court of New Madrid, Missouri and hence is a civil action wherein *a county is the real party in interest*."

 The county may be interested in the outcome of the litigation but it does not follow that the county is a party to the action so as to confer jurisdiction of the appeal on this court. The suit was not instituted against the county in its official name and character and there was no service of process upon the county clerk (V.A.M.S. § 506.150(4)), consequently the county is not in point of fact a party to the action. State ex rel. Town of Olivette v. American Telephone & Telegraph Co., Mo., 273 S.W.2d 286. Service of process in this action was upon the named individuals, but county judges are not state officers. Dietrich v. Brickey, Mo.App., 277 S.W. 615. The constitution in conferring "exclusive appellate jurisdiction" on this court "in all civil cases where the state or any county or other political subdivision of the state * * * is a party" (Const. Mo. Art. V, Sec. 3, V.A.M.S.) means a party to the record. State ex rel. Cornelius v. McClanahan, Mo., 273 S.W. 1059; State, to Use of Nee v. Gorsuch, 303 Mo. 295, 260 S.W. 455. It has been determined on other occasions that this court may not review, initially, an order or judgment denying a writ of mandamus against county judges when the county is not a party to the record. State ex rel. Stipp v. Cornish, Mo., 19 S.W.2d 294; Perkins v. Burks, Mo., 61 S.W.2d 756; Village of Grandview of Jackson County v. McElroy, 318 Mo. 135, 298 S.W. 760. There is in fact no monetary sum involved in this action, the courts of appeals have jurisdiction in mandamus (Const. Mo. Art. V, Sec. 1; State ex rel. Thompson v. Roberts, Mo., 264 S.W.2d 314), and it being obvious that this court does not have original appellate jurisdiction upon any ground, the appeal is transferred to the Springfield Court of Appeals.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.