THRASHER *et al.*, *Appellants*, v. GREENE COUNTY.

1. **County Court, Authority of to Employ Counsel**: COM-
   PENSATION. The county court of any county has authority, by an
   order of record, to employ attorneys to aid the prosecuting attorney
   in any civil business, upon such terms as it shall deem proper, when
   in the judgment of the court the interests of the county require it.

2. **Suit to Test Validity of Subscription to Railroad**: NECES-
   SITY FOR. Where the Supreme Court of the state has held the sub-
   scription of a county to a railroad and the bonds issued thereunder
   void, and the circuit court of the United States has held such
   bonds in circulation to be valid, it cannot be said that a suit by
   the county to test the validity of its subscription is wholly useless,
   where the railroad claiming to have acquired such subscription
   was not a party to either of the suits mentioned.

*Appeal from Greene Circuit Court.*—HON.   W. F.
GEIGER, Judge.

REVERSED.

   *Chas. W. Thrasher* and *Henry C. Young* for ap-
pellants.

   (1) The county court of Greene county had the
power to make the contracts put in evidence between
said county and appellants. Laws of Mo. 1873, p. 18,
sec. 5.   (2) The decision of this court in case of *State of
Missouri ex rel. Wilson, Collector v. Garroutte*, 67 Mo.
445, in which bonds of said Greene county issued to
Hannibal and St. Joseph Railroad Company were de-
clared void, did not relieve said county from its sub-
scription to the capital stock of said railroad company,
nor prevent a non-resident assignee of said company, or
stockholder, or other person succeeding to the rights
of said corporation in said subscription from enforcing
such right in the federal courts.

Thrasher v. Greene County.

*J. M. Patterson* for respondent.

(1) There was no necessity that the suit upon which this claim is based should have been instituted; said subscription had been declared void before bringing of suit. *State ex rel. Wilson v. Garroutte*, 67 Mo. 445 ; *State ex rel. Barlow v. Dallas Co.*, 72 Mo. 331. (2) When appellants.agreed to act as attorneys for respondent they placed themselves within the rule "a trustee is not allowed to profit out of his trust," he cannot place himself in a situation in which his interest and his duty may conflict. *Rea v. Copelin*, 47 Mo. 82 ; *Grumley v. Webb,* 44 Mo. 450 ; *Sherwood v. Saxton*, 63 Mo. 79. They used their position to increase their own gains, not to protect the county. (3) The contract between appellants as set forth in appellants abstract of record was made without legal authority. W. S., p. 414, sec. 28 ; R. S., sec. 5358 ; *Bauer v. Franklin County*, 51 Mo. 205. (4) The county court's power to employ attorneys to aid and assist the prosecuting attorney, as given in Laws of Missouri, 1873, p. 18, sec. 5, does not allow the court to agree to pay an outside attorney five per cent. on any suit he may think to his advantage to institute. 51 Mo. 205.

BLACK, J.—This suit is based upon a contract made by the plaintiffs, attorneys at law, with the county court of Greene county on December 3, 1878. The contract was made matter of record and this suit is for services alleged to have been rendered pursuant to the contract, in a suit of Greene county against the Hannibal & St. Joseph Railroad Company, and two other railroad corporations in which suit there was a decree cancelling a subscription made by the county in 1870 to the Hannibal & St. Joseph Railroad Company, to aid in the construction of the Kansas City and Memphis branch road. The

history of that subscription need not be stated, for it will be found in several opinions of this court.

The defence that the county court had no power to employ the plaintiffs is not well taken. By the act of March 11, 1873 (Acts of 1873, p. 18), the county court of any county may employ, on such terms as the court shall deem proper, by an order made of record, attorneys to aid the prosecuting attorney in any civil business, when, in the judgment of such court, the interest of the county requires the assistance. There can be no doubt but this statute gave the court ample authority to make the contract.

A further defence is that the suit in which the services were rendered was wholly useless. It is true that by the judgment of the circuit court rendered in 1876 in a suit at the relation of the attorney general, the county court and the judges thereof were enjoined from disposing of the bonds then in the custody of the court, and from issuing bonds to pay a balance due upon the subscriptions. So, too, the subscription and the bonds issued and put in circulation in part payment thereof, were, by this court, held to be void in *State ex rel. Wilson v. Garroutte*, 67 Mo. 446, the opinion being filed at the April term, 1878; that opinion was by a divided court. The bonds in circulation were held to be valid by the circuit court of the the United States. The railroad, claiming to have acquired the subscription in question, was not a party to either of those suits. The contract in question recites that suits were about to be commenced to compel the county to issue bonds in payment of the balance of the subscription, and this does not appear to be controverted. With all these facts before the court, the contract with plaintiffs was made and the suit at once commenced. Its purpose was to bring the interested parties before the court and put the disputed question as to the validity of the subscription itself at rest. It cannot be

said under these circumstances that the suit was wholly useless. Besides it was for the county court to determine whether the interests of the county required the services and assistance of the plaintiffs, and it was within the proper province of that court to agree upon the compensation. It is not claimed that the employment was made in bad faith, nor that the services were not honestly rendered. We see no reason why the county should be permitted to avoid the contract.

The defendant's instructions should have been refused and the second and third asked by the plaintiffs given. The judgment is reversed and the cause remanded. Sherwood, J., not sitting. The other judges concur.