THRASHER v. GREENE COUNTY, *Appellant.*

DIVISION TWO.

1. **County Court:** EMPLOYMENT OF COUNSEL: CONTRACT. The former decision of this court in 87 Mo., page 419, affirmed.

2. **Evidence :** RES INTER ALIOS ACTA. One is not bound by proceedings in a suit to which he is not a party, and evidence thereof against him is not admissible.

3. **Fraud, Evidence of.** There should be tangible and substantial facts in evidence tending to prove the issue of fraud to authorize the court to submit it to the jury.

*Appeal from Greene Circuit Court.*—C. V. BUCKLEY, Esq., Special Judge.

AFFIRMED.

THIS suit is based upon a contract in writing between the law firm of Thrasher & Young and Greene county, made December 31, 1878, and a supplemental contract of July 15, 1880, both made by the county court of Greene county in behalf of the county, and entered of record.

This action was originally begun in the county court of Greene county. That court refused to allow the fee for which the contract provided, and the cause was appealed to the circuit court of Greene county. That court rendered judgment in favor of the county, which was reversed by this court in *Thrasher v. Greene Co.*, 87 Mo. 419. The county court had subscribed $400,000 on June 2, 1870, for stock in the Kansas City & Memphis railroad, and afterwards, October 4, 1870, modified its order so as to make the same a subscription to Hannibal & St. Joseph railroad to aid in building said Kansas City & Memphis railroad, and ordered bonds of

the county issued to pay said subscription.   $273,300 of these bonds were issued by the county.

The contract recited that suits were about to be brought against the county on bonds and coupons issued to pay said subscriptions to the Hannibal & St. Joseph railroad, and also suits to force the county court to issue bonds to pay the unissued subscription on balance of the stock subscribed by the Greene county court, and, believing it to be its duty to defend the county against such suits, it was ordered by the court that Thrasher & Young, a firm composed of Charles W. Thrasher and Henry C. Young, attorneys at law, be and they were thereby employed by said Greene county to assist the prosecuting attorney in defending said suits, and it was agreed the county would pay them $5,000 to be paid in semi-annual installments, the first payment to be made first Monday in January, 1879, and, in addition to said $5,000, the additional sum of five per cent., when any part of said subscriptions or bonds might be defeated.

The court agreed to pay all necessary traveling expenses in going and returning from courts in attending to said suits, procuring testimony, etc.   The modification July 15, 1880, fully recognized and reaffirmed the contract, and only changed the same so that said fee should be paid in installments of $100 each, except when the amount due at any time should be less than $100, then the amount due should be paid.

By order of the court all the installments and suits for the same were consolidated into one action.   The cause was tried before C. V. BUCKLEY, Esq., as special judge, Judge HUBBARD having been of counsel.   There were no formal pleadings, but we gather from the instructions asked by defendant, that the county denied the power of the county court to make the contract sued on; that the suits brought under this contract were useless and that the contract was procured by Col. Henry C. Young, one of the firm, by fraudulent representations.

The cause was tried by the jury under the instructions of the court. The plaintiff, H. C. Young, has died since the action was commenced, and it has been continued in the name of Thrasher, the surviving partner.

On the trial, the contract of December 31, 1878, and the supplemental contract of July 15, 1880, were read in evidence. It was stipulated also:

*First.* That on the fourth day of October, A. D. 1870, the county court of Greene county, in the state of Missouri, by an order duly entered of record in said court, took and subscribed in the name of said Greene county, to the Hannibal & St. Joseph Railroad Company, four thousand shares of the stock of said company of the denomination of $100 each to the share amounting to $400,000, to aid in the building of a branch road, which was to commence at Kansas City, in Jackson county, Missouri, to intersect thereat with the road theretofore called the Kansas City & Cameron railroad, then a part of said Hannibal & St. Joseph railroad, thence to be built through the counties of Cass and Jackson by the way of Springfield, in said county of Greene, and thence in a southeasterly direction to the state line, in the direction of Memphis, Tennessee; said road to be built under the authority of an act to incorporate the Kansas City, Galveston & Lake Superior Railroad Company, approved February 9, 1857, and the act amendatory thereof, and the act of March 21, 1868, to aid in the building of branch railroads in the state of Missouri, which said branch was called the Kansas City & Memphis railroad.

*Second.* That the bonds issued by the county court of said Greene county to pay part of the said subscription to the stock of the said Hannibal & St. Joseph Railroad Company have been, and still are, held valid by the circuit court of the United States within and for the eastern division of the western district of Missouri, in which said Greene county is interested, and that

judgments on said bonds have been repeatedly rendered by said United States court against said county.

Plaintiff also read in evidence a decree of the Greene circuit court of November 12, 1879, annulling the order of subscription of the county court to the capital stock of the Kansas & Memphis railroad and Hannibal & St. Joseph railroad. The various leases, assignments and transfers of the roadbed and franchises and stock subscriptions of this branch road were also read in evidence. Also the decision of this court in *State ex rel. v. Greene Co.*, 54 Mo. 543, affirming the validity of the subscription of the county to the Hannibal & St. Joe railroad.

The defendant, to maintain the issue on its part, offered the judgment of the circuit court of Greene county of date August 5, 1876, in case of *State ex rel. Attorney General v. Greene Co.*, the county court of Greene county, Ralph Walker, Joseph T. Morton and M. J. Rountree, perpetually enjoining the county court from issuing, selling or disposing of sixty $1,000 bonds purporting to have been subscribed to the Hannibal & St. Joe railroad, to the introduction of which plaintiff objected, and the court sustained the objection and defendant excepted.

Defendant also offered the petition of the county in the suit to annul the subscription to the Memphis & Kansas City ; the return of the sheriff of service ; the answer of both the Hannibal & St. Joseph and Springfield & Western railroads, both disclaiming any interest in the subscription. The court excluded the petition, and defendant excepted.

Defendant also offered in evidence the decision of this court in *State ex rel. Wilson v. Garroutte*, 67 Mo. 445. Also the evidence of Judges ROUNTREE, DILLARD, MORTON and Ex-County Clerk Van Bibber.

The court then instructed the jury to find the issues for the plaintiffs for the several installments with interest, to which defendant duly excepted.

The defendant then asked eleven instructions. They are as follows : "1. The court instructs the jury that, unless they find from the evidence that suits were about to be brought at the time the injunction proceedings were instituted by plaintiffs, they will find the issues for the defendant.

"2. The court instructs the jury that the contract offered in evidence did not authorize plaintiffs to bring suits which the interests of Greene county did not require to be brought, and, if the jury believe from the evidence that the suit for which compensation is claimed by plaintiffs was unnecessary to be brought, they will find the issues for defendant.

"3. That the judgment of the circuit court against the Kansas City & Memphis Railroad Company is a nullity, and does not relieve said Greene county from any indebtedness due said Kansas City & Memphis Railroad Company at the time said judgment was rendered.

"4. The court instructs the jury that plaintiffs were only employed to bring suits necessary to be brought and the contract offered in evidence only bound the county to pay for services in bringing suits necessary to be brought, and if the jury find from the evidence that at the time the suit was brought by plaintiffs for which they now claim compensation there was no claim being made by anyone to such bonds or against the county, and no claim being made by any person known to the county, or the officials of the county, and that the issue of said bonds had been enjoined by the order and decree of this court which remained in full force, then in law there was no necessity for the bringing of said suits by plaintiffs, and you will find the issues for the defendant.

"5. That if you find from the evidence that in fact no suit or suits were brought or were about to be brought at the time said contract which was read in evidence was entered into, to compel the county to

issue the $127,000 of unissued bonds, but the plaintiffs, with knowledge on their part that no such suit or suits were about to be brought, and that proceedings to resist the issuance of said bonds were useless and instituted for the purpose of making a fee or commission out of said county and without any substantial benefits to result to the county on account of said service, then there was no consideration to support said contracts, so far as the same provided a fee or commission for plaintiffs for enjoining the issuance of said unissued bonds, then you will find the issues for the defendant.

"6.  That, if you find from the evidence that Henry C. Young, with the fraudulent intent of obtaining a fee or commission out of said county without any benefit to said county, did falsely represent to the county court that a suit or suits were about to be brought to compel the county court to issue the $127,000 of unissued bonds, when in fact no such suit or suits were about to be brought, and by such false and fraudulent representations caused the court to enter into said contract to pay the five-per-cent. commission mentioned in the contract of December 3, 1878, then you will find the issues for defendant.

"7.  That it devolves upon the plaintiffs to show by the weight of evidence that they have relieved the county of Greene from the payment of said $127,000 of unissued subscription, and unless you find plaintiffs have done so you will find the issues for the defendant.

"8.  The jury are instructed that the county court had no power or authority in law at the time of the contract of December 3, 1878, nor at any time since that date, to issue or deliver to any person or corporation whatsoever, for any purpose whatsoever, any part of the one hundred and twenty-seven thousand dollars ($127,000) unissued bonds mentioned in said contract of December 3, 1878, and there was no consideration for the contract of the county to pay the plaintiffs a

commission of five ( 5 ) per cent. for enjoining the issu-
ance of said $127,000 unissued bonds, and the jury will
find the issues for defendant.

"9.   That the suit for which the service is claimed
to have been rendered in this case was unnecessary,
and did not save to Greene county any sum of money
whatever arising from the bonded indebtedness of the
county.

"10.   If the supreme court of this state had, before
the institution of said suit to cancel said subscription,
determined in any other case in which the plaintiffs
were the attorneys that said subscription was void, then
there was no necessity that suits should be instituted,
and they cannot recover.

"11.   That, under the contract offered in evidence
by plaintiffs, Greene county is not bound for services
rendered prior to the date of said contract."

All of which said instructions, numbered from 1
to 11, were refused by the court, to which refusal of
the court defendant excepted. The jury found for
plaintiffs, and defendant appeals.

*J. J. Gideon* for appellant.

( 1 )  The giving of all the instructions asked for by
respondent, and the refusing all the instructions asked for
by appellant, was in effect sustaining a demurrer to the
evidence, and every inference of fact in favor of the party
offering the evidence which the evidence warrants, and
which the jury might with any degree of propriety have
inferred ; so appellant was entitled to all inferences that
could have been drawn if the facts had been submitted
to the jury under proper instructions.   *Wilson v. Board*,
63 Mo. 137 ; *Noeninger v. Vogt*, 88 Mo. 589 ; *Feurt v.
Brown*, 23 Mo. App. 332 ; *Fisher v. Railroad*, 23 Mo.
App. 201 ; *Buesching v. Gaslight Co.*, 73 Mo. 219.   (2 )
The court erred in instructing the jury to find the issues
for respondent ; for there was testimony tending to show

that H. C. Young made false representations to the court that suits were about to be brought against the county court of Greene county, and that issue should have been submitted to the jury under the instructions asked by appellant. *Hipsley v. Railroad*, 88 Mo. 348; *Baum v. Fryrear*, 85 Mo. 151; *Groll v. Tower*, 85 Mo. 249; *South v. Hutchinson*, 83 Mo. 683; *Clotworthy v. Railroad*, 80 Mo. 220. (3) All the instructions for respondent were given and restricted to one set of facts, which virtually told the jury to find the issues for respondent, when the jury should have been instructed with reference to the whole case. *Raysdon v. Trumbo*, 52 Mo. 35; *Budd v. Hoffheimer*, 52 Mo. 297; *Fitzgerald v. Hayward*, 50 Mo. 516. (4) The court erred in taking away from the jury the right to pass upon the facts. Appellant had the right to the opinion of the jury upon the issues raised on the testimony offered and introduced as to whether there were any false representations made to the county court by H. C. Young that suits were about to be brought against appellant to compel her to issue the $127,000 of unissued bonds which induced the county court of Greene county to enter into the contract to pay respondent five-per-cent. commission mentioned in the contract. *Turner v. Toler*, 34 Mo. 461; *Owens v. Rector*, 44 Mo. 389; *Bowen v. Lazalere*, 44 Mo. 383; *McFarland v. Bellows*, 49 Mo. 311; *Rippey v. Friede*, 26 Mo. 523.

*White & McCammon* and *C. W. Thrasher* for respondent.

(1) The county court of Greene county had the power to make the contracts put in evidence between the said county and respondents. Laws of Mo. 1873, sec. 5, p. 18; *Thrasher v. Greene Co.*, 87 Mo. 419. (2) The judgment of circuit court of said Greene county, in the case of Greene County v. The Kansas City and Memphis railroad, the Hannibal and St. Joseph Railroad

Company and the Springfield & Western Missouri Railroad Company, offered in evidence on page 17, is a valid judgment of said court, setting aside and vacating and annulling the subscription of said Greene county to the capital stock of said Hannibal & St. Joseph Railroad Company. *Thrasher v. Greene Co.*, 87 Mo. 419. ( 3 ) The court below committed no error in excluding evidence offered by appellant. *Thrasher v. Greene Co.*, 87 Mo. 419. The evidence offered by appellant, and excluded by the court, was entirely irrelevant and immaterial in this case. ( 4 ) The court below committed no error in giving instructions to the jury asked by respondent, and refusing instructions asked by appellant. *First*. This action being founded upon written contracts between the parties to this suit, and a judgment of the circuit court of Greene county, Missouri, it was the duty of the trial court to instruct the jury as to the legal effect of said contracts and judgment. Thompson's Charging the Jury, p. 16, and cases cited ; 2 Am. & Eng. Enc. of Law, p. 241, and cases cited ; *Whittelsey v. Kellogg*, 28 Mo. 404; *Caldwell v. Dickson*, 26 Mo. 60; *Judge v. LeClare*, 31 Mo. 127; *Belt v. Goode*, 31 Mo. 128. *Second*. There was no evidence tending to prove facts sufficient to constitute a bar to respondent's recovery in this case ; and no evidence of such a character as would justify the court in submitting to the jury the issue, as to whether the contract upon which this suit is founded was obtained from the county court of said Greene county by the false and fraudulent representations of said Henry C. Young; and all the instructions asked by appellant were properly refused by the court below. *Thrasher v. Greene Co.*, 87 Mo. 419 ; *Callahan v. Warne*, 40 Mo. 131 ; *Norton v. Ittner*, 56 Mo. 351 ; *Powell v. Railroad*, 76 Mo. 80 ; *Harris v. Woody*, 9 Mo. 113 ; *Lee v. David*, 11 Mo. 114 ; *Alexander v. Harrison*, 38 Mo. 258 ; *Holman v. Railroad*, 62 Mo. 562 ; *Bell v. Railroad*, 72 Mo. 50 ; 11 Am. & Eng. Enc. of Law, p. 245 ; Thompson, Charging the Jury, 44; Proffatt on Jury Trials, secs. 351–4;

*Skyles v. Bollman*, 85 Mo. 35; *Brown v. Railroad*, 101 Mo. 484; *State v. Riley*, 100 Mo. 494; *Dunn v. Railroad*, 98 Mo. 652; *Rodney v. McLaughlin*, 97 Mo. 426; *Harty v. Railroad*, 95 Mo. 368; *Norton v. Railroad*, 40 Mo. App. 642. Instructions suggesting an imputation of bad faith in the conduct of a party should be avoided unless warranted by the proofs. *Beauchamp v. Higgins*, 20 Mo. App. 214. ( 5 ) On the undisputed evidence in this case, as shown by the record, the judgment of the court below was for the right party, and should be affirmed. *Hedecker v. Ganzhorn*, 50 Mo. 154; *Jackson v. McGruder*, 51 Mo. 55; *Bridge Co. v. Ring*, 58 Mo. 491; *Hodges v. Black*, 76 Mo. 537; *Anderson v. Shockley*, 82 Mo. 250; *Walsh v. Exposition & Music Ass'n*, 101 Mo. 534; *Fitzgerald v. Barker*, 96 Mo. 661.

GANTT, P. J.—When this cause was here on the former appeal, this court held that the county court had ample power to make the contract sued on, and that the defense that the suit brought by plaintiff's firm was useless, because this court had held the subscription void in *State ex rel. Wilson v. Garroutte*, 67 Mo. 446, was not tenable. The bonds had been held valid by the United States circuit court. The decision in *Wilson v. Garroutte* was by a divided court, two of the judges dissenting.

Counsel for the defendant makes no point in his brief or argument upon the action of the circuit court in excluding certain evidence, and we might well assume he has abandoned the point; but, any way, we think no error was committed in excluding the evidence. The railroad, claiming to have acquired the subscription in question, was not a party to either of those suits; and, of course, would not have been bound thereby.

The contention of defendant seems to hinge upon the remark of the judge delivering the opinion in this case, when here on the first appeal, " that it was not

claimed that the employment was in bad faith, nor that the services were not honestly rendered." And, thereupon, the charge is made that Henry C. Young, one of the firm of Thrasher & Young, made false representations to the county court that suits were about to be brought, and thus procured the contract sued on.

It is very significant that when this cause was tried the first time, and during the lifetime of Col. Young, that this charge affecting his character as a man, and integrity as a lawyer, was not even suggested ; but, when he was no longer present to refute it, was for the first time offered as a defense. Indeed, counsel for defendant does not seem to rely upon any other defense to reverse the action of the lower court. He insists that the circuit court erred in ignoring the charge of fraud, and instructing for the plaintiff. Certainly, the learned counsel does not expect this court to give much weight to his suggestion of fraud, when he, himself, declines to even make an abstract of the evidence upon which he relied to establish fraudulent conduct on the part of Col. Young. The respondent, however, has supplied all the evidence on that branch of the case, and it is a source of gratification that it not only does not support the charge, but completely exonerates Col. Young from even a suspicion of unfairness in making the contract.

The salutary rule of law that there must be some tangible and substantial evidence tending to prove the necessary facts to constitute a cause of action or defense, before a court is authorized to submit an issue founded on it to a jury, is so well settled that no citation of authority is necessary.

There was no evidence of fraud, and the other material issues were decided against defendant when the cause was here before. *Thrasher v. Greene Co.*, 87 Mo. 419.

There being no error in refusing defendant's instructions, the judgment of the circuit court is affirmed. All concur.