In re Appointment of BLANCHE COOK, County Nurse, Appellant, v. COUNTY OF ST. FRANCOIS.—162 S. W. (2d) 252.

Division One, June 3, 1942.

*R. B. Osborn* and *C. I. Hoy* for appellant.

*Robt. A. McIlrath* and *W. E. Coffer* for respondent.

CLARK, J.—Appellant filed a claim in the county court of St. Francois County for salary alleged to be due her as health nurse

of that county. The claim was rejected by the county court, and by the circuit court on appeal. Appellant then appealed to the St. Louis Court of Appeals, which court, on respondent's motion, transferred the case to this court because a county is a party. We have jurisdiction. [Mo. Const., Sec. 12, of Art. VI, and Sec. 5 of the Amendment of 1884.]

As originally filed the claim was for salary from April 1, 1939, to March 1, 1940, but in this court appellant claims salary only from April 1, 1939, to September 1, 1939.

On February 20, 1939, at its February term, the county court made the following order:

"In the matter of the appointment of Mrs. Blanche Cook, County Health Nurse.

"Now on this day it is ordered by the court that Mrs. Blanche Cook, of Flat River, Mo., be and is, hereby appointed County Health Nurse at a salary of $200.00, per month from October 1st, to June 1st, and $150.00 per month from June 1st, to September 1st.

"It is further ordered that appointment to go in effect March 1, 1939."

At the same term, on March 27, 1939, the county court made the following order:

"In the matter of revoking the Appointment of Mrs. Blanche Cook, as County Health Nurse.

"Now on this day the matter of the appointment of County Health Nurse is taken up and the Court finds that it made on the 20th day of February, 1939, an appointment of Mrs. Blanche Cook, as County Health Nurse, on condition that she show the Court that she was a graduate nurse and otherwise qualified and suitable for the appointment of a County Health Nurse in St. Francois County, and it now appearing to the Court that Mrs. Blanche Cook is not a graduate nurse and that her work as nurse since the trial period commenced on March 1st, 1939, is not satisfactory to the County Health Physician nor to the Court, and it appearing that the entry as of record in the Clerk's Office as to the salary of Mrs. Blanche Cook was entered by mistake as no salary was agreed upon by the Court.

"The Court therefore deems it for the best interest of the County that said appointment be and the same is in all respects revoked and set aside."

Appellant introduced evidence to prove that she had studied certain subjects and made passing grades at Missouri Baptist Hospital at St. Louis, but offered no documentary evidence that she had graduated. She said: she is a graduate nurse, but not a registered nurse; that she performed the duties of county health nurse during March, 1939, and received $200.00 in payment therefor, but respondent refused to permit her to perform any duties and refused to pay her after that date, although she was at all times willing, and frequently offered, to perform such duties. She denied that she had ever claimed

to respondent or to the county physician that she was a registered nurse.

Respondent offered the county physician (whose statutory title is deputy state health commissioner) who testified: that appellant led him to believe she was a graduate nurse of the class of 1919 of the Missouri Baptist Hospital; that she was permitted to work as county health nurse for thirty days, on trial, and that her work was inefficient and unsatisfactory.

Respondent's theory is that the position of county health nurse is that of an employee, arising out of contract. Appellant's theory is that the position is that of a county officer. We need not decide which theory is correct for on either theory, under the proof, appellant cannot recover.

The statutory provisions relating to employment of public health nurses, by counties, are contained in Sections 9756, 9757, 9758 and 9759, Revised Statutes Missouri 1939. [Mo. Stat. Ann., pp. 4184, 4185.] Section 9756 provides that whenever the State Board of Health considers it necessary to secure the aid and services of such a nurse, it shall make formal written report of such fact to the county court and the county court shall "be authorized to employ, at a fixed monthly compensation, a public health nurse, qualified for such service by registration as such according to the laws of this state," etc. Section 9759 provides that upon the petition of two hundred and fifty taxpayers it shall be the duty of the county court to provide for the appointment of such nurse. Section 9758 authorizes the county court to appropriate money out of current revenues to carry out the provisions of the other sections cited.

Sections 10025-10041, both inclusive, Revised Statutes Missouri 1939 [Mo. Stat. Ann., pp. 7499, 7507], define the terms "registered nurse," and "graduate nurse," prescribe the qualifications and provide for the licensing and registration of such nurses. These sections make it a misdemeanor for any person to hold himself or herself out as a registered or graduate nurse unless duly licensed.

If appellant's cause of action rests upon a contract of employment, she is barred from recovery by Section 3349, Revised Statutes Missouri 1939 [Mo. Stat. Ann., p. 1827], which requires such a contract to be in writing and subscribed by the parties. The county court spread its order upon the record, but appellant filed no written acceptance of the order. On her part the contract, if any, was oral.

If the position of county health nurse is a public office, it is an office without any definite duration of term. As to such an office, the appointing power may remove the officer at pleasure. "If the simple power to appoint is conferred and no term is fixed by law and nothing else appears, then the appointee may be removed at pleasure, by the appointing authority, without notice, the preferment of charges or the assignment of reasons." [State ex inf. Atty. Gen. v. Hedrick, 294 Mo. 21, l. c. 64, 241 S. W. 402. See also: State ex rel. Mincke v.

488

Sartorius, 231 Mo. App. 807, l. c. 811, 95 S. W. (2d) 873; 15 C. J., sec. 123, p. 471.]

Whether the position is that of an employee or public officer, there are other insurmountable obstacles in the pathway of appellant's recovery. There was no proof that the State Board of Health made the finding and gave the authority to the county court provided in Section 9756, supra, nor was there any proof that a petition was filed as provided in Section 9758, supra. The proof shows that appellant was not "qualified for such service by registration . . . according to the laws of this state" as required by Section 9756. Therefore, the appellant was not eligible, the county court was not authorized to appoint or employ her, and the order of revocation is valid.

The judgment of the trial court is affirmed. All concur.