COUNTY OF ST. FRANCOIS, Respondent,

v.

W. Albert BROOKSHIRE, Appellant.

No. 45716.

Supreme Court of Missouri,
Division No. 2.

May 13, 1957.

1

Charles W. Medley, Pros. Atty., St. Francois County, Farmington, for plaintiff-respondent.

W. A. Brookshire, Columbia, for defendant-appellant.

STOCKARD, Commissioner.

St. Francois County, Missouri brought suit to recover $600 from W. Albert Brookshire, and from an adverse judgment the defendant has appealed. Jurisdiction is in this court because St. Francois County is a party. Art. V, Sec. 3, Constitution of Missouri; Cook v. St. Francois County, 349 Mo. 484, 162 S.W.2d 252 [1]. Trial was to the court without a jury, and we review the law and the evidence as in suits in equity. Fulton v. City of Lockwood, Mo.Sup., 269 S.W.2d 1 [2].

On January 15, 1951, the circuit judge of St. Francois County entered an order to increase the salary of the deputy circuit clerk in the sum of $15 per month. The county court refused to issue a warrant for the payment of the increased salary, and the circuit judge caused a citation to be served upon the members thereof summoning them to appear before him on February 5, 1951. The members of the county court, by oral contract, employed defendant as attorney to represent them. Defendant appeared in the circuit court with the members of the county court, and when the members announced that they would not comply with the order of the circuit judge to pay the increased salary to the deputy circuit clerk, they were each held to be in contempt and committed to jail for twenty-four hours. The next day the circuit judge again committed them to jail for another twenty-four hours because they still refused to comply with his order. In the meantime defendant applied to the St. Louis Court of Appeals for a writ of habeas corpus and obtained the release from jail of the three members of the county court. See Pogue v. Smallen, 241 Mo.App. 707,

238 S.W.2d 20. On June 3, 1951, defendant presented his bill for legal services in the amount of $600. A warrant in that amount payable to defendant was issued pursuant to the instructions of the county court, and it was subsequently paid from the funds of St. Francois County.

On April 27, 1955, St. Francois County filed this suit seeking to recover from defendant the sum of $600 on the theory that the money was illegally paid to defendant for the reason that defendant's legal services were rendered to the members of the county court as individuals. There is no contention that the amount paid was not a reasonable fee for the legal services rendered, and the actual value of the services is evidenced by the result reached. No findings of fact or declarations of law by the trial court was requested or made, and judgment in favor of the county and against defendant was entered in the amount of $600.

Defendant contends on this appeal that he was employed by the county court of St. Francois County to represent the county in the contempt proceedings, and also that in any event since he performed valuable services for the county it is estopped from recovering the fee paid to him and is guilty of laches in waiting almost four years in seeking to recover the fee.

In support of his first contention defendant cites Thrasher v. Greene County, 87 Mo. 419; Thrasher v. Greene County, 105 Mo. 244, 16 S.W. 955; and State to Use of Nee v. Gorsuch, 303 Mo. 295, 260 S.W. 455. None of these cases is in point. In the two Thrasher cases Greene County entered into a written contract with a law firm to represent it in defending against certain suits against the county. The statute, pursuant to which the law firm was employed, then authorized the county court to employ one or more attorneys to aid and assist the prosecuting attorney "in any civil business." In the Nee case the relator sought by mandamus to compel the members of the county court to pay him the difference between the salary previously paid to him as second assistant prosecuting attorney and that provided for by statute. This court held that jurisdiction of the appeal was in the Springfield Court of Appeals because the county was not a party.

■ The principal issue in this case is whether the county court had the statutory authority to employ defendant as attorney on behalf of the county. County courts are given authority to "manage all county business as prescribed by law," Art. VI, Sec. 7, Constitution of Missouri, and, outside the management of fiscal affairs of the county, such courts possess no powers except those conferred by statute. State ex rel. Floyd v. Philpot, 364 Mo. 735, 266 S.W.2d 704 [2]; Bradford v. Phelps County, 357 Mo. 830, 210 S.W.2d 996 [5]. Defendant relies on Section 56.250 (all statutory references are to RSMo 1949, V.A.M.S.) as conferring authority on the county court to employ him to represent the county. That section provides that the county court of third and fourth class counties, in its discretion, may employ special counsel or an attorney to represent the county "in prosecuting or defending any suit or suits by or against said county." Although it may be assumed that the county had an interest in whether the increased salary should be paid to the deputy circuit clerk, the contempt proceeding was a matter between the individual county judges and the circuit judge. It was comparable to any other situation in which a member of a county court is sued as an individual for some act he did or did not do as a county judge. The proceeding did not involve any suit by or against St. Francois County, and therefore the county court did not have the authority pursuant to Section 56.250 to employ defendant on behalf of the county. "Anyone may be sued, whether public officer or employee, or a private citizen; he may be charged with any kind of commission or omission, and in such case he must defend himself, whether the action be mer-

itorious or groundless. Though it be an unjust burden on one so required to defend an action, it is nevertheless *his burden* and *his obligation,* whether he be private citizen or public official or employee." City of Nampa v. Kibler, 62 Idaho 511, 113 P.2d 411, 413. Absent statutory authority, or possibly some unusual situation of which we are not now aware, a public official who is sued as an individual because he did or did not do certain things in his public office is not entitled to counsel at public expense. Annotation, 130 A.L.R. 736.

■ It might be contended that the payment of the fee to defendant was in fact a reimbursement to the members of the court of expenses incident to the performance of their duties. But members of the county court are not entitled to reimbursement of any expenses unless expressly provided for by law, and "no officer is entitled to fees of any kind unless provided for by statute, and, being solely of statutory right, statutes allowing the same must be strictly construed." State ex rel. Troll v. Brown, 146 Mo. 401, 47 S.W. 504, 505. There is no statutory authority for a county to reimburse a member of a county court for attorney fees in this situation.

A somewhat comparable situation exists when a director or officer of a corporation is sued as an individual by reason of some act done in his official capacity with the corporation. In such a situation Section 351.355 specifically provides, with certain exceptions therein set forth, that the individual shall be indemnified by the corporation against liabilities, expenses, counsel fees and costs reasonably incurred in connection with, or arising out of, any such action, suit, proceeding or claim. The Legislature, rightfully or wrongfully, has not deemed it advisable to extend to members of county courts the same right of indemnification that it has extended to officers of private corporations.

We must necessarily hold that the county court of St. Francois County had no statutory authority to employ defendant as attorney for the county under the circumstances of this case, and therefore, the payment of his legal fee by the county was an unlawful disbursement of public funds.

■ There is an additional reason why the purported employment of defendant in this case by the county was not authorized and the payment of his fee was in violation of law. We deem it advisable to comment upon the matter even though it is not mentioned by either party in the pleadings or briefs. Section 432.070 provides that "No county, city, * * * or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, * * * and such contract, including the consideration, shall be in writing and dated when made, * * *." It is defendant's contention that the arrangement between him and the members of the county court constituted a contract of employment, but there is no contention that this contract, including the consideration, was in writing. The evidence establishes the contrary. The requirements of Section 432.070 that the terms of the contracts therein mentioned be in writing is mandatory and not merely directory, Donovan v. Kansas City, Missouri, 352 Mo. 430, 175 S.W.2d 874 [10], 179 S.W.2d 108, and a verbal contract in violation of this statutory provision is void ab initio and cannot be rendered valid after the services are performed or work done. Fleshner v. Kansas City, Missouri, 348 Mo. 978, 156 S. W.2d 706 [3]; Likes v. City of Rolla, 184 Mo.App. 296, 167 S.W. 645 [1]. One dealing with a municipal or county government must take notice of the limitations on the power and authority of the representatives with whom he deals, Arbyrd Compress Co. v. City of Arbyrd, Mo.App., 246 S.W.2d 104 [4], and one of those limitations is the lack of authority to enter into an oral contract. In this case the employment of defendant as attorney for the county was

not within the scope of the powers of the county court and was not authorized by law, but even if it had been, the contract of employment would have been void as in violation of Section 432.070.

This leaves for consideration whether the county is entitled in this suit to recover the money paid to defendant. There is no contention that there was any fraud or misrepresentation in the payment of the money to defendant, and we accept as a fact that it was paid under the honest though mistaken belief by all concerned that the county court was authorized to pay defendant's legal fee from county funds.

Counties, like municipal corporations, represent the public, and they, themselves, are to be protected against the unauthorized acts of their officers and agents. Bride v. City of Slater, Mo.Sup., 263 S.W.2d 22 [3]. Cases involving the right of a municipality or other public body, including a county, to recover back payments made under invalid or unenforceable contracts are annotated in 140 A.L.R. 583. It is there pointed out by the Annotator that the formulation of any general principles with respect to the right of a public body to recover back sums paid under invalid or unenforceable contracts "is an exceedingly dangerous undertaking" because of the large variety of grounds upon which the validity of a contract with a public body may be challenged. 140 A.L.R. at page 585. See also Bride v. City of Slater, supra. However, the authorities are uniform in holding that recovery may be had if the purported contract was completely beyond the power of the public body to make and where the contract was absolutely void, as contrasted with a contract which was voidable or merely unenforceable. 140 A.L.R. at pages 586, 595–606.

■ In Polk Township, Sullivan County v. Spencer, 364 Mo. 97, 259 S.W.2d 804, recovery of money paid to an officer of the township for manual labor performed by him was not permitted because the contract of employment was only voidable and had been completely performed on both sides. Bride v. City of Slater, supra [263 S.W.2d 28], is expressly limited to the precise circumstances of that case. There recovery back of money paid for fuel oil pursuant to a purported contract, which was within the scope of the powers of the city to make but was void because in violation of Section 432.070, was not permitted because "it would seem unjust and inequitable to permit defendant City's recovery of the money it has paid for the oil which it received, retained, and no doubt used." Another case in which the same general principle is announced is Sparks v. Jasper County, 213 Mo. 218, 112 S.W. 265. However, the facts of this case are readily distinguishable from those in the above cases. Here the purported contract was absolutely void because, in addition to the fact that it was in violation of Section 432.070, there was a lack of authority on the part of the county court to employ defendant to represent the county, and there were no services performed by defendant for the county. The legal services rendered by defendant were for the benefit of the members of the county court as individuals. Under these circumstances we have no doubt but that the county is entitled to recover from defendant the money unlawfully paid to him. We are supported in this conclusion by State v. Weatherby, 344 Mo. 848, 129 S.W. 2d 887; County of Nodaway v. Kidder, 344 Mo. 795, 129 S.W.2d 857; and the recent case of Fulton v. City of Lockwood, Mo.Sup., 269 S.W.2d 1. See also the cases collected in 140 A.L.R. 583. Although the factual situation differs in each case, the following cases generally support the conclusion reached: Kansas City v. Halvorson, 352 Mo. 280, 177 S.W.2d 495; Coleman v. Kansas City, 348 Mo. 916, 156 S.W. 2d 644; Lamar Township v. City of Lamar, 261 Mo. 171, 169 S.W. 12.

■ We cannot agree with defendant that the doctrine of estoppel or laches is appropriate here. While estoppel is

applicable in some situations to municipal governments, including counties, it is always applied with great caution so the rights of the public will be protected. State ex rel. City of California v. Missouri Utilities Co., 339 Mo. 385, 96 S.W.2d 607 [13, 14], 106 A.L.R. 1169. But, in any event, such governments are not estopped by the wholly unauthorized acts of their officers, as was the situation in this case when the members of the county court without authority purported to contract with defendant for legal services on behalf of the county and then subsequently authorized the payment of the legal fee to defendant from county funds. Fulton v. City of Lockwood, supra [13]; Donovan v. Kansas City, supra [8]; Traub v. Buchanan County, 341 Mo. 727, 108 S.W.2d 340, 343; Arbyrd Compress Co. v. City of Arbyrd, supra [3]; Eureka Fire Hose Mfg. Co. v. City of Portageville, Mo.App., 106 S.W.2d 513 [3]. " 'Laches is an equitable defense. It is allowed sometimes when the period of limitation prescribed by the statute has not elapsed; but it is never allowed unless the delay has produced such a change in conditions that the defendant is put at a disadvantage, and not always then.' " Harrison v. Coomber Realty & Investment Company, 359 Mo. 863, 224 S.W.2d 63 [1], 64. There is no showing of any disadvantage to defendant by the delay in this case.

The judgment of the trial court is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.