Mr. William C. McIlroy Prosecuting Attorney Pike County, Courthouse Bowling Green, Missouri 63334
Dear Mr. McIlroy:
This letter is in response to your opinion request asking as follows:
 "May the general funds of a County hospital be used for the payment of attorney's fees for individual counsel employed by certain individual members of the Board of Trustees who have been made defendants in a suit brought by a former employee of the hospital alleging interference with a contractual obligation?"
You also set out certain facts regarding the matter which we will not repeat because you indicate that the matter is presently in litigation.
It is our understanding that you have declined to represent these defendants because the defendants, in your view, are not being sued in their official capacities and therefore you have taken the position that you are counsel for the Pike County Memorial Hospital but not for the Board of Trustees as individuals.
It is our view that the last controlling case in the Missouri Supreme Court, County of St. Francois v. Brookshire, 302 S.W.2d 1
(Mo. 1957) answers your question. The court in that case has stated at l.c. 3, 4:
 ". . . The proceeding did not involve any suit by or against St. Francois County, and therefore the county court did not have the authority pursuant to Section 56.250 [with respect to employment of special counsel] to employ defendant on behalf of the county. `Anyone may be sued, whether public officer or employee, or a private citizen; he may be charged with any kind of commission or omission, and in such case he must defend himself, whether the action be meritorious or groundless. Though it be an unjust burden on one so required to defend an action, it is nevertheless his burden and his obligation, whether he be private citizen or public official or employee.' City of Nampa v. Kibler, 62 Idaho 511, 113 P.2d 411, 413. Absent statutory authority, or possibly some unusual situation of which we are not now aware, a public official who is sued as an individual because he did or did not do certain things in his public office is not entitled to counsel at public expense. Annotation, 130 A.L.R. 736."
In an earlier case, State ex rel. Crow v. City of St. Louis,73 S.W. 623 (Mo. 1903), the Missouri Supreme Court held that the city of St. Louis had the authority to indemnify a police officer from loss arising out of a suit against him because of an accidental shooting occurring in the course of his employment. We do not regard that case as authority in this instance inasmuch as the city involved was a charter city and the Missouri Legislature has not seen fit to authorize the county to indemnify its officers.
We believe the Brookshire case answers your question.
Very truly yours,
 JOHN ASHCROFT Attorney General