Dear Mr. Keyes:
This opinion is in response to your question asking:
 "Is the contract dated February 14, 1975, which was entered into between the Board of Education of Parkway School District and Wayne W. Fick, Superintendent, binding and enforceable, and if so, do the two amendments to the contract purporting to increase the salary received by Mr. Fick during the second and third years of such contract violate Missouri law?"
The employment contract between Parkway School District and its superintendent for July 1, 1975, to July 30, 1978, reads in part as follows:
 "1. In consideration of a salary at a yearly rate of $36,500 to be paid until June 30, 1976, and an amount to be determined by the Board to be paid in the second and third years, but not less than $36,500, said Superintendent agrees to perform faithfully the duties of the Superintendent. The annual salary shall be paid in equal installments in amounts with the rules of the Board governing payment of other professional staff members in the District.
 "2. The Board hereby retains the right to adjust the annual salary of the Superintendent during the term of his contract. Any adjustment in salary made during the life of this contract shall be in the form of an amendment and shall become a part of this contract. It is provided, however, that by so doing it shall not be considered that the Board of Education has entered into a new contract with the Superintendent nor that the termination date of the existing contract has been extended."
An amendment of February 5, 1976, reads in part as follows:
 "1. The amount of yearly salary to be paid commencing July 1, 1976, and during the second year of the contract until June 30, 1977, is $39,250."
An amendment of February 3, 1977, reads in part as follows:
 "1. The amount of yearly salary to be paid commencing July 1, 1977, and during the third year of the contract until June 30, 1978, is $42,000."
Section 168.191, RSMo Supp. 1975, covering the employment of school superintendents in counties of the first class except counties of the first class not having a charter form of government provides as follows:
 "In all counties of the first class except counties of the first class not having a charter form of government, any board of education, other than boards in urban districts, in charge of a public school system maintaining a classified high school, previously approved by the state board of education, and employing a superintendent devoting his full time to supervisory and administrative work, may employ and enter into contract with a superintendent of schools for the school district for a period of not to exceed three years. This law shall not invalidate or repeal any other law of this state relating to the employment of teachers, principals or superintendents of public schools." (Emphasis added)
Article III, Section 38 (a), Constitution of Missouri 1945, provides in part as follows:
 "The general assembly shall have no power to grant public money or property, . . . to any private person, . . ."
Article III, Section 39 (3), Constitution of Missouri 1945, says in part as follows:
"The general assembly shall not have power:
* * *
 (3) . . . To grant or to authorize any county or municipal authority to grant extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part; . . ."
Finally, Section 432.070, RSMo 1969, says:
 "No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."
This office has studied the provisions of the contract and question very carefully. We have considered former opinions of this office which bear on the subject including Opinion No. 171 issued May 4, 1971, to Donald J. Gralike; Opinion No. 157 issued October 2, 1973, to Joseph S. Kenton; Opinion Letter No. 27 issued February 14, 1972, to J. Anthony Dill (copies enclosed). It is our view that all of these opinions are in point on the question. Applying the principles enumerated in such opinions, it appears that the Parkway school board is unwittingly circumventing the constitutional provisions above cited. The substance of the amendments to the contract is to allow the board an opportunity to award the superintendent a raise or bonus in pay not contemplated under Missouri law when a three-year contract has been executed.
Of equal concern to this office is the question of whether Section 432.070 has been met. In Bride v. City of Slater,263 S.W.2d 22 (Mo. 1953), the Supreme Court held that a contract between a distributor of oil and the city of Slater was not in writing in conformity with this section wherein the contract provided: ". . . Price: Shall be seller's market price on date of shipment. . . ." The express purpose of Section 432.070 is:
 ". . . that the terms of the contract shall, in no essential particular, be left in doubt, or to be determined at some future time, but shall be fixed when the contract is entered into. This was one of the precautions taken to prevent extravagant demands, and to restrain officials from heedless and ill-considered engagements. . . ." Id. at 26.
Thus, in this case such contract was held to be void and unenforceable acknowledging that Section 432.070 is mandatory and not directory.
In the facts in your opinion request, it appears that the school board has left uncertain the possible compensation which the superintendent of schools in the district may receive over and above $36,500. We do not believe that such uncertainty can be cured by amendment which amendment is not only after the initial contract has been entered but also appears to increase the salary of a superintendent upon a contract in violation of ArticleIII, Section 39 (3), Constitution of Missouri 1945.
We further believe that only the amendments are void. Therefore recovery for wrongful payments would be limited to the amount paid over and above $36,500. County of St. Francois v. Brookshire,302 S.W.2d 1 (Mo. 1957).
CONCLUSION
It is the opinion of this office that the amendments to the contract between Parkway School District and its superintendent, Wayne W. Fick, increasing his salary are unenforceable, void, and violate Article III, Section 39 (3), Constitution of Missouri, and Section 432.070, RSMo 1969.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 171 5-4-71, Gralike
 Op. No. 157 10-2-73, Kenton
 Op. Ltr. No. 27 2-14-72, Dill