Dear Mr. Seay:
This opinion is in response to your question asking:
 Whether or not a Fourth Class City may allocate funds to pay for attorney fees on behalf of individual members of the Board of Aldermen and Mayor who have been sued in their official capacity.
According to the information you submitted, this question arises as a result of a lawsuit brought by two former members of the police department against the fourth class city, the mayor and some individual members of the board of aldermen. The lawsuit arises from the termination of the two former city employees. All individuals named as defendants have been sued in their official capacities.
In State ex rel. Lack v. Melton, 692 S.W.2d 302 (Mo. banc 1985), the Missouri Supreme Court considered whether a county commission was entitled to use county funds to compensate outside counsel to represent it in a mandamus proceeding. The county assessor filed for writ of mandamus ordering members of the county commission to pay the salary of an employee of the assessor's office and, subsequently, a separate action was brought to enjoin the use of county funds to compensate outside counsel who represented the county commission in the mandamus proceeding. In authorizing the payment by the county of compensation for outside counsel, the Court stated:
 Section 56.250, RSMo Supp. 1984, authorizes the county commission to employ special counsel to represent the county.
A previous version of the statute was interpreted in County of St. Francois v. Brookshire, 302 S.W.2d 1 (Mo. 1957). Brookshire developed from a county court's refusal to issue a warrant to increase the pay of a deputy circuit clerk. A circuit court judge ordered payment but the county court judges refused. They were held in contempt and hired an attorney to represent them in the contempt proceedings. In Brookshire the Court explained that county courts can only operate under powers conferred by statute and members of a county court cannot use county funds to employ attorneys in private matters. Contempt proceedings are individual and beyond the statutory grant of authority. The Court noted that "it may be assumed that the county had an interest in whether the increased salary should be paid to the deputy clerk." Id at 3. Presumably, county funds could have been used in the suit to issue the warrant. This is the current situation. The county commission members were sued in their official as well as individual capacity. Dade County had an interest in the result of the mandamus proceeding. The injunction was improperly issued and is reversed. Id. at 305.
(Emphasis added.)
Section 79.230, RSMo 1986, relating to fourth class cities, provides:
 79.230. Appointive officers. — The mayor, with the consent and approval of the majority of the members of the board of aldermen, shall have power to appoint a . . . city attorney, . . . and such other officers as he may be authorized by ordinance to appoint, and if deemed for the best interests of the city, the mayor and board of aldermen may, by ordinance, employ special counsel to represent the city, either in a case of a vacancy in the office of city attorney or to assist the city attorney, and pay reasonable compensation therefor, and . . . .
Section 79.230 authorizes the city to employ special counsel to represent the city and pay reasonable compensation therefor. This authority is similar to the authority in Section56.250, RSMo Supp. 1984, to which the Court looked in State exrel. Lack v. Melton, supra. Just as in Melton where the county commission members were sued in their official as well as individual capacity, in the situation about which you are concerned, the city officials are sued in their official capacity. The city involved has an interest in the result of the case just as the Court in Melton determined that Dade County had an interest in the result of that proceeding. Based upon the decision of the Missouri Supreme Court in Melton, we conclude that in the specific situation about which you are concerned the city is authorized to pay for attorney fees on behalf of the individual members of the board of aldermen and mayor who have been sued in their official capacity.
CONCLUSION
It is the opinion of this office that a fourth class city may allocate funds to pay for attorney fees on behalf of the members of the board of aldermen and the mayor when they are sued in their official capacity under the facts described herein.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General